ABSALOM BOYD, Plaintiff in Error, *vs.* THE STATE OF MINNESOTA, Defendant in Error.

Upon an Indictment for an assault with intent to murder, the Jury found the accused guilty of the assault, but not guilty of the intent charged. The Judge sentenced him to pay a fine of $200, or be imprisoned in the County Jail for six months. *Held*, that the verdict and sentence were authorized by *Sec. 44, page 776, Stat. of Minn.*, and by *Sec. 21, page 784, Id.*

Points and authorities of Prosecution :

The jury found the Defendant guilty of an assault only, for which he was sentenced.

The only question raised is one of jurisdiction. The conviction is had under *Sec. 44, page 776, Com. Statutes :*

"In all cases of indictment in the District Court for assault with intent to commit any felony, it may be lawful for the jury, in case they do not find the felonious intent charged, to convict of the assault, and the Court shall have power to sentence the person so convicted, to be punished by imprisonment in the jail of the county for a term not exceeding *one year*, or by fine not exceeding *five hundred dollars.*"

There is no question of this jurisdiction under the Statute and the Constitution. It is clearly within *Sec. 5, of Article 6, of the Constitution ;* Section 8, of the same Article merely restricts the jurisdiction of Justices, and does not apply to this case. The conviction was not had under *Sec. 20, page 783, Pub. Stat.*, referred to in Defendant's points.

Points and authorities of Defendant :

*First.*—The finding of the jury determines the nature of the offence, which was a simple assault.

*Second.*—The extent of the penalty for an assault only is a fine of one hundred dollars. *See Com. Stat. Sec. 192, p. 526.*

*Third.*—The District Court had, therefore, no original jurisdiction over the offence, and the Court erred in charging the jury that they might find the accused guilty of an assault, and erred in refusing to instruct the jury that they could only

find him guilty of the offence charged in the indictment. *See Sec.* 192, *above cited*; *also, Article* 6, *Sec.* 8 *and* 5 *of the Constitution of Minnesota; Com. Stat. page* 776, *Sec.* 44.

*Fourth.*—The Court had no authority to impose a fine of $200, nor to sentence to six months imprisonment.

*Fifth.*—The provisions contained in section 20, on page 783, of the Compiled Statutes were passed before the Constitution of the State was in force, and became void so far as it relates to this case upon the adoption of the Constitution.

H. J. HORN, Counsel for State.

AMES, SHERBURNE, and CLARKE, Counsel for Defendant.

*By the Court.*—EMMETT, C. J.  The indictment charged the Plaintiff in Error with an assault with intent to murder.  On the trial his Counsel asked the Court to charge the jury that the accused could only be found guilty of the charge alleged in the indictment.  The Judge refused to charge as requested, and instructed the jury that they might convict of the assault only. The jury found the accused guilty of the assault, but not guilty of the intent charged, and the Judge sentenced him to pay a fine of two hundred dollars, or be imprisoned in the jail of the county for the term of six months.

The refusal of the Judge to charge as requested, and the instruction he gave to the jury, are assigned here as error; and it is further insisted that as the finding of the jury determined the offence to have been a simple assault only, the penalty for which cannot exceed one hundred dollars, the District Court had no jurisdiction.

The view taken by the Judge, on the trial, is fully warranted by the Statute. *Section* 10, *of Chapter* 128, *of the Revised Statutes of* 1851 (*Com. Stat.* 776, *Sec.* 44,) is in the language following:

" In all cases of indictment in the District Court for assault with intent to commit any felony, it may be lawful for the jury, in case they do not find the felonious intent charged, to convict of the assault; and the court shall have power to sentence the person so convicted, to be punished by imprison-

ment in the jail of the county, for a term not exceeding one year, or by fine not exceeding five hundred dollars."

Authority for the jury to find the accused guilty of an assault only, on an indictment for an assault, with intent to commit murder, may also be found in *Section* 21, *on page* 784, *of the Compiled Statutes*, which provides that in certain cases the accused may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment.

As to the jurisdiction of the District Court, it extends to all criminal cases where the punishment exceeds three months imprisonment, or a fine of more than one hundred dollars. The crime with which the Plaintiff in error was charged, by the indictment, is punishable by imprisonment in the penitentiary, for a term not exceeding five years, nor less than one year; or, by fine not exceeding one thousand, nor less than one hundred dollars; while that for which he was convicted, may be punished by imprisonment in the county jail for a term not exceeding one year, or by fine not exceeding five hundred dollars. The punishment in either case exceeding the jurisdiction of a Justice of the Peace.

It is true that a simple assault is not indictable, but is tried in a summary manner before a Justice of the Peace, and punishable by a fine not exceeding one hundred dollars, (*Com. Stat*, 526, *Sec.* 206); but when the assault is coupled with an intent to commit a felony, it becomes itself a felony, and being punishable with a severity corresponding to the gravity of such an offence, the accused is entitled to a deliberate investigation by a grand jury and a trial by his peers before the District Court. And although the particular intent charged may not be sufficiently proved on the trial, to warrant the jury in finding him guilty of a felony, yet he will not be subjected to another and summary trial before another tribunal for the assault, nor thereby, on the other hand, escape punishment for the offence proved to have been committed, but being before the court, the jury may convict him of the assault only, and the court is expressly authorized within certain limits to punish him according to the aggravated nature of the assault proved.

We do not think that the Statutes concerning assaults and their punishments necessarily conflict; nor that the jurisdiction of Justices of the Peace conflicts with that of the District Courts. It is the extent to which the punishment may be carried, rather than that actually imposed which gives jurisdiction to the District Court, just as the jurisdiction in a civil action is determined by the amount in controversy, or claimed by the Plaintiff, instead of that actually recovered. And as in the one case the District Court would have jurisdiction to render judgment for the Plaintiff, for less than one hundred dollars, where the amount claimed or in controversy was more than one hundred dollars; so in criminal cases, if the punishment for the offence charged may exceed the jurisdiction of a Justice of the Peace, the court may, unless limited or restrained by Statute, punish as leniently as inferior courts.

The construction, claimed by the Plaintiff, would, in many instances, (the present case furnishing one,) result in a total failure of justice; or the subjection of the accused to substantially a second trial for the same offence. Had the Judge charged the jury as requested, and they acquitted the accused, because the intent charged was not proved, he could not have been punished by the District Court for the assault of which he was proved to be guilty; and if afterwards held to answer for the assault, he might well claim, that as it was necessarily included in the crime of which he had been tried and acquitted, the second trial would put him twice in jeopardy of punishment for the same offence.

The Judgment of the District Court is affirmed.