## STATE OF MINNESOTA *vs.* FREDERICK GUMMELL.

### July 10, 1875.

Indictment—Assault with Intent to do Great Bodily Harm.—*Boyd* v. *The State,* 4 Minn. 321, followed. A person charged with an assault with intent to do great bodily harm, being armed with a dangerous weapon, is charged with an assault with intent to commit a felony, within the provisions of Gen. St. ch. 91, § 12.

Writ of error from a judgment of the district court for Brown county, *Hanscome,* J., presiding.

*S. L. Pierce,* for plaintiff in error.

*Geo. P. Wilson,* Attorney General, for the State.

BERRY, J.[1] Under Gen. St. ch. 94, § 33, defendant was indicted for an assault with intent to do great bodily harm, being armed with a dangerous weapon. The jury found him guilty of an assault, and he was sentenced to pay a fine of $250.00. Defendant's points that the offence of assault is cognizable originally by a justice of the peace only, and that the fine to be imposed for the same cannot exceed $100.00, are disposed of in *Boyd* v. *The State,* 4 Minn. 321.

Section 12, ch. 91, Gen. St., provides that " in all cases of indictment in the district court for an assault with intent to commit any felony, the jury, in case they do not find the felonious intent charged, may convict of the assault," etc. An assault with intent to do great bodily harm, being armed with a dangerous weapon, is made a felony by § 33, *supra,* but defendant contends that such assault is not an assault *with intent to commit a felony,* and, therefore, not within the provisions of § 12, *supra.* Defendant's argument, in effect, is that the assault is a necessary ingredient of the felony defined in § 33, so that in a case of this kind, to constitute an assault *with intent to commit a felony,* there must be an assault *with intent to commit an assault with intent to do great bodily harm, being armed with a dangerous weapon.*

[1] Gilfillan, C. J., did not sit in this case.

The answer to defendant is that an assault involves an intent to commit an assault, so that a person charged with an assault with an intent to do great bodily harm, etc., is, in effect, charged with an assault with intent to commit an assault with an intent to do great bodily harm, etc.

Judgment affirmed, and the sentence of the court below directed to be executed.