## BRANTLEY v. STATE.

CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER — CONVICTION OF LESS OFFENSE — INSTRUCTIONS — APPEAL AND ERROR.

1. A defendant charged with an assault and battery with intent to commit murder in the first degree may if the evidence justify it, be convicted of an assault with intent to commit murder in the second degree, or of an assault with intent to commit manslaughter; since in the charge of an intent to commit murder in the first degree, there is necessarily included a charge of intent to commit murder in the second degree, and voluntary manslaughter.

2. The evidence being clear that the defendant stabbed the prosecuting witness in a dangerous manner, inflicting a wound along the face and neck, cutting through the muscles of the face, and the facial artery, and just escaping the jugular vein; it was not error for the court to refuse an instruction that the defendant could be found guilty of an assault only.

3. If the defendant desired an instruction upon the theory that his offense was assault and battery merely, he should have requested it; and not having done so, he can not complain of the failure of the court to give such an instruction.

[Decided May 26, 1900.]

ERROR to the District Court, Carbon County, HON. DAVID H. CRAIG, Judge.

Matthew G. Brantley was tried in the district court upon an information charging that on the 24th day of April A. D. 1899, the defendant " did unlawfully, willfully, maliciously, feloniously, purposely, and with premeditated malice, then and there having the present ability to do so, attempt then and there to commit a violent injury on the

person of one James Lavin, then and there being, and did unlawfully, willfully, maliciously, feloniously, purposely, and with premeditated malice, in and upon the body of him, the said James Lavin, then and there being, make an assault with an intent to commit a felony, and with a certain knife which he, the said Matthew G. Brantley, then and there in his hands had and held against the body of the said James Lavin, then and there did cut, thrust, and stab the same James Lavin, with intent then and there unlawfully, willfully, maliciously, feloniously, purposely, and with premeditated malice to kill and murder him, the said James Lavin, then and there being contrary," etc.   The court charged the jury that the defendant could be convicted, under the charge, of the crime charged, or of an assault with intent to commit murder in the second degree, or of an assault with intent to commit manslaughter.   An instruction that the defendant could be found guilty of assault only was refused.   The jury returned a verdict of guilty of assault with intent to commit murder in the second degree.   The evidence showed that the defendant had struck the prosecuting witness in the face with a knife.   Defendant prosecuted error.   The other material facts are stated in the opinion.

*Chatterton & Fishback*, for plaintiff in error.

There was a fatal variance between the allegation and the proof.   An accused can not be charged with one crime and convicted of another.   (Rapalje's Crim. Proc., Sec. 107; U. S. v. Brown 3 McLean, 233; U. S. v. Barton, 6 id., 46; Rex v. Dawlin, 5 T. R., 311; Butler v. State, 3 McCord, L., 383.)   A charge of assault with a specific intent does not admit of degrees.   There are different degrees of assault, but not of assault to commit murder in the first degree.   (R. S., Secs. 4956, 4959, 4958, 4957 )   Under a charge of felonious assault and battery, a defendant may be convicted (1) of the crime charged, (2) of aggravated assault and battery, (3) of assault and battery,

(4) of assault. (R. S., Sec. 5389.) But the court is not authorized to instruct that a conviction may be had of an intent to commit murder in the second degree or manslaughter when the intent charged is to commit murder in the first degree for the reason that the offense in each case is of the same degree. It is an offense to commit a felony in each case, which is the crime our statute punishes. (State v. White, 41 Ia., 318; State v. Jarvis, 21 id., 44; Norman v. State, 24 Miss., 54; 1 Whart., Cr. L., Sec. 1279.) The intent being the gist of the offense, it must be proved as laid. (1 Chitty Cr. L., 233; Roscoe Cr. Ev., 328; Green v. State, 50 Ind., 257; 1 Am. Cr. R., 645; Riflemaker v. State, 26 O. St., 395.) The defendant had the right to have the jury instructed as to the inferior degrees of assault. (People v. Abbott, 97 Mich., 484; Moore v. State (Tex.) 26 S. W., 404; King v. State (id.), 28 id., 947; Blackwell v. State, (id.) 26 id., 397; State v. Mowry 37 Kan., 370; Wilson v. People, 24 Mich., 410; Baker v. State, 12 O. St., 214; Knight v. State, 70 Ind., 375; Mooney v. State, 33 Ala., 419.) A verdict which fails to respond to the issues is fatally defective. (Allen v. State, 52 Ala., 391; People v. Davis, 4 Park. Cr., 61; People v. Wilson, 9 Cal., 259; O'Leary v. People, 4 Park. Cr., 187.) The jury, on the evidence should have been allowed to say whether the defendant was guilty of the intent charged or of assault only. (State v. Triplett, 52 Kan., 678; State v. Reynolds, 126 Mo., 516; People v. DeFoor, 100 Cal., 150; State v. Coy, 2 Aik., 181; Bedell v. State, 50 Miss., 492, State v. Jarvis, 21 Ia., 44; State v. Shepard, 10 id., 126; Horn v. State, 98 Ala., 23; State v. Archer, 34 Tex., 646.)

*J. A. Van Orsdel*, Attorney General, for the State.

There may be an assault with intent to commit manslaughter. (State v. Calligan, 17 N. H., 253; State v. Butman, 42 id., 490; State v. Nichols, 8 Conn., 496; Jarrell v. State, 58 Ind., 293; State v. White, 45 Ia., 325; State v. Connor, 59 id., 357; State v. Postal, 83

id., 460; State v. McGuire, 87 id., 142; Smith v. State, 83 Ala., 26.) Such offense would be committed when there was an assault with intent to kill, but in such heat of passion arising from provocation that if death had resulted, manslaughter only would have been committed. (State v. Lang, 65 N. H., 284; State v. Claire, 84 Me., 248; Spearman v. State, 23 Tex. App., 224; State v. Leary, 88 N. C., 615; State v. Williams, 6 Bax., 655; State v. White 45 Ia., 325; State v. Keasling, 74 id., 528.) It therefore follows that a conviction may be had for assault with intent to commit manslaughter or murder in the second degree under the charge of an intent to commit murder in the first degree as included offenses. (State v. Gummell, 22 Minn., 51; State v. Baldridge, 105 Mo., 319; State v. Melton, 102 id., 683; Nelson v. People, 23 N. Y., 293; Powers v. State, 87 Ind., 144; State v. Throckmorton, 53 id., 354; Gillespie v. State, 9 id., 380; Foley v. State, id., 363; People v. Odell, 1 Dak., 199; Ter. v. Conrad, id., 363; State v. Robinson, 31 S. C., 453; Pitman v. State, 25 Fla., 648; Blackwell v. State, 33 Tex. App., 278; Moore v. State, id., 306.) Had the court been requested to instruct the jury as to aggravated assault and assault and battery, it would probably have been its duty to do so: but no such request was made, and the evidence excludes entirely the crime of assault only upon which the court was requested to charge, and refused to do so. (Powers v. State, 87 Ind., 144; State v. Throckmorton, 53 id., 354; 9 id., 380.) Instructions in a criminal case should run to the facts as detailed by the evidence, and to all possible interpretations of them, but not to question, which, though possible, under the information, are not in fact presented by the evidence. (State v. Hendricks, 4 Pac., 1050; State v. Mize, 13 id., 1; State v. Mowry, 15 id., 282; State v. Triplett, 35 id., 815.)

CORN, JUSTICE.

The defendant (plaintiff in error) was tried upon an information charging him with an assault and battery with

intent to commit murder in the first degree, and found guilty of an assault with intent to commit murder in the second degree.

1. Plaintiff in error contends that it was error for the court to instruct the jury that under the charge as set out in the information they might find the defendant guilty of the principal offense charged, or of an assault with intent to commit murder in the second degree, or of an assault with an intent to commit manslaugher; that the specific intent charged must be proved as laid and that when the evidence establishes an intent to commit murder in the second degree or manslaughter, there is a fatal variance and the prosecution must fail.

We think the instruction is sustained by the great weight of authority as well as the better reasoning. State v. Throckmorton, 53 Ind., 354; Beckwith v. The People, 26 Ills., 500; State v. Gummell, 22 Minn., 51; State v. Baldridge, 105 Mo., 319; People v. Odell, 1 Dak. T., 199; Nelson v. People, 23 N. Y., 293; Mc Clain's Cr. L., 271.

It is unquestionably true that the specific felonious intent must be set out in the information, Section 10 of the Declaration of Rights securing to the defendant the right to demand " the nature and cause of the accusation," against him. And, under the rule that the proof must correspond with the allegation, the prosecution is not sustained by evidence which tends to prove another and different intent from the one charged. But it is evident that in charging an intent to commit murder in the first degree there is necessarily included a charge of intent to commit murder in the second degree and voluntary manslaughter.

Under our statute murder in the first degree, murder in the second degree and manslaughter each involves a felonious killing; to constitute the first it must be done with premeditated malice; the second is a killing with malice, but with the element of premeditation omitted, while in the case of voluntary manslaughter there is an

intentional killing but without any element of malice or premeditation.    It is therefore evident, we think, that the intent to commit murder in the second degree is specifically and sufficiently charged in the information and proof of such intent fitted the allegation.    And so of intent to commit manslaughter.    Proof can not be made of assault with intent to commit murder in the first degree which does not at the same time furnish appropriate and sufficient evidence to sustain a verdict for the lower, or included offenses of assault with intent to commit murder in the second degree and manslaughter.

Section 5389 Revised Statutes Wyoming 1899, provides that "upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged and guilty of any degree inferior thereto."    But counsel contend that this is no authority in the premises for the reason that assault with intent to commit murder in the first degree, murder in the second degree and manslaughter are not degrees of the same offense but separate offenses of the same degree and punishable in the same way.    Our statutes upon the subject are taken from Indiana and the Supreme Court of that State construing the section in question say that "a party indicted for an assault, or assault and battery, with intent to commit murder in the first degree, may, if the evidence justify it, be convicted of the assault, or assault and battery, with intent to commit murder in the first or second degree or to commit manslaughter, or he may be acquitted of any felonious intent, and found guilty of an assault, or assault and battery only."    The State v. Throckmorton, 53 Ind., 356.    And it is evident that the construction of the section suggested by counsel is too narrow.    For it is also the only express authority in our statutes for a verdict of manslaughter under an indictment for murder in the first degree.    And yet manslaughter is no more a degree of murder, under our law, than assault with intent to commit manslaughter is a degree of the crime of assault with intent to commit murder in the first

degree. It is not murder at all in any degree. It is simply an included offense, sufficiently charged in charging murder.

But independent of statute the rule is the same, and the section referred to is merely a declaration of the common law rule. 1 Whart. Cr. L., 384, 617. "The jury may acquit the defendant of part and find him guilty of the residue. 1 Chit. C. L., 637. Where the accusation includes an offense of an inferior degree, the jury may discharge the defendant of the higher crime and convict him of the less atrocious. 2 Hale, 203. This rule applies in all cases where the minor offense is necessarily an elemental part of the greater, and when proof of the greater necessarily establishes the minor." State v. Waters, 39 Me., 65. Swinney v. State, 8 S. & M. (Miss.), 584. And Chitty says, "It is a general rule which runs through the whole criminal law that it is sufficient to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified." 1 C. L., 250. The decision in State v. White, as reported in 41 Iowa, 316, referred to by counsel, is not the law in that State. The case was reargued and a contrary opinion reached which was reported in 45 Iowa, 325. The decision in Morman v. The State, 24 Miss., 54, is not authority in this case. The defendant was indicted for an assault with a deadly weapon with intent to kill and murder under a section of the statute providing a penalty of ten years imprisonment for that offense. He was found guilty of a mere assault with intent to commit manslaughter; and the court held it to be a conviction under a different section of the statute of a separate and distinct offense for which a penalty of not exceeding five years imprisonment was prescribed. In the case under consideration the information was filed, and the conviction had under a section of our statute providing a penalty of not more than fourteen years for an assault, or assault and battery, with intent to commit a felony.

2. Upon the trial, the defendant requested the court to

instruct the jury that he might, under the information, be found guilty of an assault only, and the refusal of the court to give such instruction is assigned as error. There was no evidence in the case whatever upon which to base such an instruction. The information charged an assault and battery with intent to commit murder in the first degree. The evidence showed conclusively that the defendant stabbed the prosecuting witness with a knife, making a wound six or seven inches long from the middle of the upper lip along the face and neck, cutting through the muscles of the face and the facial artery, and just escaping the jugular vein. If guilty at all, he was guilty of an assault and battery. There was no evidence of a simple assault. The judge of the trial court charged the jury, as required by statute, giving such instructions as seemed to him applicable to the facts of the case. They contained correct statements of the law and substantially covered the evidence. The defendant claimed that the blow was struck in self-defense.

Considering the character of the defense, the deadly nature of the weapon used and the wound inflicted, if the defendant desired an instruction upon the theory that his offense, if any, was assault and battery merely, he should have requested it. Not having done so, there is nothing in the record to indicate that he objected, or preserved any exception to the omission. So that if it be admitted that such an instruction would have been proper under the evidence, there is nothing before this court for its action.

The judgment will be affirmed.

*Affirmed.*

POTTER, C. J., and KNIGHT, J., Concur