No. 23886.

PHILIP GALLEGOS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(489 P.2d 1301)

Decided October 26, 1971.

LEVI MARTINEZ, RICHARD R. MACRORIE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error, defendant below, was convicted of statutory rape (C.R.S. 1963, 40-2-25), taking immodest and immoral liberties, and assault with intent to take indecent liberties [1965 Perm. Supp., C.R.S., 1963, 40-2-32(1) and (2)].

I.

Defendant contends first that 1965 Perm. Supp., C.R.S. 1963, 40-2-32 (assault on a child under 16) is so vague that it denies him his rights to due process under the United States and Colorado Constitutions. This contention has been fully answered contrary to this contention in prior decisions of this court dealing both with the present statute and its predecessor. *Godfrey v. People,*

168 Colo. 299, 451 P.2d 291 (1969); *Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966); *Dekelt v. People,* 44 Colo. 525, 99 P. 330 (1908).

## II.

Defendant claims next the trial court erred in denying his motions for judgment of acquittal on count 1 — statutory rape — made at the close of People's case. The defendant asserts that these motions should have been granted, the People having failed to prove the age of the defendant.

■ The applicable statute provides one of the elements of this crime to be that the male was over the age of 18 (C.R.S. 1963, 40-2-25(1)(b)). We have previously held that the age of the defendant in a charge of statutory rape is a material element and must be proven beyond a reasonable doubt. *Slocum v. People,* 120 Colo. 86, 207 P.2d 970 (1949).

At trial, two law enforcement officers testified as to the age of the defendant. The first, a deputy sheriff, testified, "I would guess his age to be 19 or 20 at least." On cross examination when asked, "Your opinion of the age — you said 19 or 20, maybe — of the defendant, is that a guess?" The witness replied, "Yes, it is a rough guess."

A patrolman from the Pueblo County Jail then testified that in his opinion the defendant was between 20 and 21 years. On cross-examination he first indicated his estimate would be 20 to 21-22; then he stated, "20 to 21." Counsel then querried, "So, actually you are just guessing, you don't have the slightest idea how old that man is, it is pure guesswork?" and the reply was "20 or 21, yes."

■ It is well established that in a proper case a competent observer may be permitted to state his estimate or opinion as to age. *See, e.g. Hood v. Duren,* 33 Ga. App. 203, 125 S.E. 787 (1924); *Watson v. State,* 236 Ind. 329, 140 N.E. 2d 109 (1957); *National Aid Life Ass'n v. Wiles,* 171 Okla. 57, 41 P.2d 655 (1935). Given the re-

quirement that the defendant in the instant case be over the age of 18, it was essential that his age be pinpointed with some preciseness. Neither of the officers was qualified by any preliminary examination as to his ability or past experience in observing age, nor was any indication given as to what physical characteristics might have been used in arriving at the estimates made. Both officers testified that their estimate of defendant's age was guesswork, one characterizing it as a "rough guess." Therefore, we hold that where, as here, the guessing covered a range of four years, including the age of 19, the approximation was so close to the statutory minimum that a more definite and better qualified answer was required in this case. Proof of the material elements of the crime may not rest on surmise, speculation, conjecture or guesswork. *See Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959); *Leonard v. Bauer,* 112 Colo. 247, 149 P.2d 376 (1944); *Neal v. Wilson County Bank,* 83 Colo. 118, 263 P. 18 (1927).

We conclude as a matter of law that the observations and testimony of the two officers which stood alone in this case, were not of sufficient probative value to support the conviction of the defendant on the charge of statutory rape. Therefore it was error to deny defendant's motion for directed verdict of acquittal on the ground of failure of proof of the material element of the crime.

### III.

The defendant alleges error in submitting verdicts that permitted the jury to find him guilty on counts two and three of the information relating, respectively, to charges of "taking of immodest and immoral liberties with the person" of the complaining witness and "assault with intent to take indecent and improper liberties with the person" of the complainant child [1965 Perm. Supp., C.R.S. 1963, 40-2-32(1)].

The applicable portions of the indecent liberties statute upon which the court instructed the jury and submitted

verdicts relating to counts two and three of the information are as follows:

"Assault on a child under sixteen. — (1) Any person who shall *assault any child* under sixteen years of age *with the intent to take indecent and improper liberties with the person of such child* * * * shall be deemed a felonious assaulter, and, upon conviction thereof, shall be punished, if eighteen years of age or older, by confinement in the penitentiary for a term of not less than one year nor more than ten years, and, if under eighteen years of age, may be punished by commitment to the state reformatory.

" (2) Any person who shall *take immodest, immoral liberties with any child* under sixteen years of age shall be deemed a felonious assaulter, and, upon conviction thereof, shall be punished, if eighteen years of age or older, by confinement in the penitentiary for a term of not less than one year nor more than ten years, and, if under eighteen years of age, may be punished by commitment to the state reformatory." 1965 Perm. Supp., C.R.S. 1963, 40-2-32. (Emphasis added.)

This statute has previously been before this Court. In the case of *Godfrey v. People, supra,* wherein we said: "Defendant was charged under 1965 Perm. Supp., C.R.S. 1963, 40-2-32, and we hold that subsection (1) and subsection (2) thereof state distinct offenses: the former relates to indecent liberties *with the person* of a child, either with or without an assault; and the latter declares that a person who takes immodest, immoral liberties with a child shall be deemed a felonious *assaulter.* It is clear that subsection (1) requires a physical contact with the child, whereas subsection (2) does not."

 Count three of the information properly charged the defendant with a violation of section 40-2-32(1) and there was ample evidence to support a verdict of guilty on that count. However, count 2 which alleges that defendant took "immodest and immoral liberties *with the person*" of the said child does not charge a violation of

subsection (2) and there is no statute on which that count is based. Notwithstanding that language in the information, the court instructed the jury on 40-2-32(2) of the statute which varied from the charge in the information. We deem the information failed to charge a crime as defined in the statute and hold that count two should have been dismissed.

### IV.

■ Finally, defendant claims the trial court erred in failing to suppress the in-court identification of the defendant by the alleged victim. The People admit that the pre-trial confrontation of defendant by a witness to the crime, prior to appointment of defense counsel, constituted a violation of his constitutional right to assistance of counsel. However, the record amply supports that the in-court identification was based on observations independent and disassociated from the pretrial lineups. We conclude that the trial court properly denied the motion to suppress the identification. See Martinez v. People, 174 Colo. 125, 482 P.2d 375 (1971); Neighbors v. People, 171 Colo. 349, 467 P.2d 804 (1970).

The judgment and sentence on counts one and two of the information are reversed and the cause is remanded with directions to the court to sustain the motion for acquittal on count one and to dismiss count two. The judgment as to count three is affirmed.

MARVIN W. FOOTE, District Judge*, participating.

MR. JUSTICE KELLEY not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.