**David Neal BRADLEY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5509.**

Supreme Court of Wyoming.

Nov. 10, 1981.

Michael H. Schilling, App. Counsel, Wyoming Public Defender Program, Laramie, and Sylvia Lee Hackl, Asst. Public Defender, Wyoming Public Defender Program, Cheyenne, signed the brief on behalf of appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, Allen C. Johnson, Senior Asst. Atty. Gen., and Dennis C. Cook, Legal Intern, signed the brief on behalf of appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

The appeal in this case is from appellant's conviction of willfully injuring or destroying property of another which is valued in excess of $1,000.00 [1] and the court's judgment and sentence. The issue raised on appeal concerns the admissibility of evidence of appellant's prior conviction of assault on a police officer. Appellant concedes that no objection was made at trial and thus on appeal the error must have been plain error in order to warrant a reversal.

We will affirm.

The incident, from which the complaint in this case ensued, occurred on September 23, 1980. At approximately four o'clock that afternoon Ms. Lois Alvarez, owner of the Arrow Head Motel in Baggs, Wyoming, was disturbed upon hearing a considerable amount of noise emanating from two units in her motel. She proceeded to one of the units to ask for quiet. In the room she found two individuals whom she identified as appellant and his companion, Dale Schultz. Ms. Alvarez advised these individuals that they were being too noisy. She also expressed surprise at their presence in the room since neither was the person to whom the room was rented.

After this discussion Ms. Alvarez contacted the police. A police officer responded to the call at approximately 5:00 p. m. He advised Ms. Alvarez of the proper procedure for evicting unwanted tenants. He also looked through the window into the room appellant was occupying and could see nothing wrong.

After the police officer left, Ms. Alvarez wrote out eviction papers and took them to

---

1. Section 6-10-105(a)(iii), W.S.1977 provides:
   "(a) Any person who willfully injures or destroys, any property of another or public property, is guilty of a crime:
      *   *   *   *   *   *
   "(iii) If the cost of restoring injured property, or the value of the property if destroyed, is one thousand dollars ($1,000.00) or more, a person violating this section may be fined up to five thousand dollars ($5,000.00), imprisoned in the state penitentiary not less than one (1) nor more than five (5) years, or both."

the police department at approximately 6:00 p. m. so that they could be served upon her unwelcome tenants, including appellant. The papers were delivered to the room in which appellant resided shortly thereafter. The room was in an undamaged condition at the time the papers were served.

Sometime after seven o'clock that same evening the police responded to a disturbance call from Ms. Alvarez. She expressed concern that the room was being torn up. The police went to the room and found it "in utter disarray." [2] They arrested both appellant and his companion who were found inside the room. Charges were filed and the case proceeded to trial on December 11, 1980.

■■■ Appellant testified in his own behalf. On cross-examination the following transpired:

"Q. Mr. Bradley, you told me that you weren't mad after talking with [the police] the first time and being told that you had to leave.
"A. Right.
"Q. Have you ever had an instance of getting mad at police?
"A. Once.
"Q. And when was that?
"A. When I was drunk.
"Q. And where was that?
"A. In Texas.
"Q. And what did you do?
"A. I assaulted him.

2. The testimony disclosed:
"A. The bathroom door was torn off the hinges, all the cupboard doors and the cupboards were torn off, the window busted out, the front door was busted.
    *    *    *    *    *    *
"A. There was beer bottles broken all over the room. It was just like ground glass, just demolished. There was holes in the walls. Just everything. Both of the stoves had been damaged, they were both kicked in and cookstove, the burners on top were all broken. The porcelain on the stove was all broken and there was a skillet laying there that was all busted up."
A total of $1,678.00 worth of damage was done.
3. We should point out that if this questioning was for the purpose of impeaching the appellant, the inquiry was in improper form. A testifying defendant is required to give answers

"Q. And what happened as a result of that assault?
"A. I was put on probation.
"Q. For how long?
"A. For three and a half years.
"Q. What kind of charge was there that you were put on probation for?
"A. For assaulting two police officers.
"Q. Are you on probation for that now?
"A. Yes, sir.
"Q. Was that one of those days you lost your temper?
"A. No.
"Q. When you did that to the police officers?
"A. Yeah.
"Q. You didn't lose it this time on September 23rd?
"A. No." [3]

As appellant concedes, no objection was made to the prosecutor's questions. Appellant was subsequently convicted by the jury. He now appeals challenging the admissibility of his prior conviction, basing his entire argument on an interpretation of Rule 609, W.R.E., infra.

■■■ In his brief appellant acknowledges that, since there was no objection at trial to the introduction of the evidence, in order to warrant a reversal, it must have been plain error to allow the evidence admitted. Rules 49(b), W.R.Cr.P., 7.05, W.R. A.P. and 103 W.R.E.[4] A failure to object only as to whether he had been previously convicted of a felony, as to what the felony was, and as to when the conviction was had. *United States v. Brown*, 583 F.2d 659, 670, fn. 15 (3rd Cir. 1978); *United States v. Tumblin*, 551 F.2d 1001, 1004 (5th Cir. 1977); 3 Louisell and Mueller, Federal Evidence § 319 (1979), p. 350. However, since no objection was made, and we find no plain error, reversal would not be appropriate for this reason. See *United States v. Brown*, supra.

4. Rule 49(b), W.R.Cr.P. provides:
"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
Rule 7.05, W.R.A.P.:
"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

constitutes a waiver of whatever error occurred, unless the error rises to the level of plain error. *Leeper v. State*, Wyo., 589 P.2d 379 (1979). A three-part test has been established for determining whether an error may achieve the status of plain error. First, the record must be clear as to the incident which is alleged as error. Second, the party claiming that the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced. *Hopkinson v. State*, Wyo., 632 P.2d 79, 104 (1981); *Madrid v. State*, Wyo., 592 P.2d 709 (1979); *Hampton v. State*, Wyo., 558 P.2d 504 (1977). Appellant claims that these three criteria are met in this case; however, we do not agree. We hold that the second requirement has not been satisfied since no clear and unequivocal rule of law was violated.

■ The clear and unequivocal rule of law appellant argues was violated is found in Rule 609(a), W.R.E.:

"(a) *General rule.*—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) *was punishable by death or imprisonment in excess of one (1) year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant,* or (2) involved dishonesty or false statement, regardless of the punishment." (Emphasis added.)

Since the second condition for admissibility of evidence of a prior conviction is not involved in this case, the focus is on the first condition. Appellant's position is that Rule 609(a) provides a clear and unequivocal rule of law, i.e., evidence of prior conviction can only be admitted if the offense was punishable by imprisonment for more than a year (a felony) and a court determination was made that its probative value outweighed its prejudicial effect. There does not appear in the record any specific information that the appellant's previous crime was a felony. An error in receiving evidence does not require reversal for plain error when the record is inadequate to show that error in fact occurred. 1 Louisell and Mueller, Federal Evidence § 21 (1977), p. 123. That which is not visible cannot be plain. The error must be obvious. *Sykes v. United States*, 373 F.2d 607 (5th Cir. 1966).

Noting our dependence on federal cases construing the federal rule of evidence for guidance in construing our own nearly identical rules of evidence, appellant relies heavily on federal authority. In particular, he notes the following language in *United States v. Crawford*, 613 F.2d 1045, 1050, (D.C.Cir.1979):

"We disagree with the government that, despite the absence of any inquiry at all as to the nature or circumstances of the

Rule 103, W.R.E.:
"(a) *Effect of erroneous ruling.*—Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
"(1) Objection.—In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or
"(2) Offer of Proof.—In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
"(b) *Record of offer and ruling.*—The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.
"(c) *Hearing of jury.*—In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.
"(d) *Plain error.*—Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court."

shoplifting conviction, 'it can fairly be presumed' that the trial judge was aware of and fully weighed the many crucial considerations applicable to the balancing test of 609(a)(1) because of his experience on the bench. * * * "

He also cites *United States v. Gross*, 603 F.2d 757 (9th Cir. 1979) for the proposition that evidence of a prior conviction is inadmissible unless the prosecution has carried its burden of proving that the probative value of the prior convictions for impeachment purposes exceeded the prejudicial effect.

However appellant fails to note that in Gross an objection was made to the admission of the evidence, and in Crawford the court found reason to excuse the failure to specifically object. As a result, though the law in these cases may be correct as to what is required where an objection has been made, they are not authority where there was no objection and no adequate reason excusing the failure to object— which is the case here.

Under the plain-error doctrine the rule of law violated must be clear and unequivocal. That is not the case here. Had an objection been made, the trial court would have been called upon to rule on the admissibility of the evidence. The prosecutor would have then had to bear the burden of establishing its admissibility; and if the trial court would have ruled the evidence admissible, it would have had to in some fashion elucidate its reasoning on the record in order to allow an adequate review by this court. But the important point is the trial judge would have been presented with the opportunity to make the choice as to whether or not to admit the evidence and have been afforded the chance to sanitize the record. Because of that choice of admitting the evidence, the rule of law is equivocal—

not plain; there is a distinct possibility the evidence would have been admitted. Thus, the plain-error doctrine may not be invoked. The failure to object constituted a waiver of the procedural requirements for admissibility of a prior conviction set out in Rule 609(a), to which may be added a failure to demonstrate prejudice; the record discloses no doubt as to the guilt of appellant even in the absence of such evidence. There was no danger that appellant was convicted for his antecedent sins.[5]

Affirmed.

---

5. Though not argued nor even mentioned by appellant, we would be remiss when plain error is asserted if we did not note Rule 404(b), W.R.E.:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

If there was error, which we do not decide, there was no prejudice. We, therefore, pursue the matter no further.