**Frank W. DERKSEN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 91–126.**

Supreme Court of Wyoming.

Feb. 5, 1993.

Leonard D. Munker, State Public Defender, David Gosar, Appellate Counsel, and Erin A. McIntyre, Legal Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., and Barbara L. Boyer, Sr. Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

URBIGKIT, Justice.

An issue of first impression is presented in this appeal asking whether the offense of taking immodest, immoral or indecent liberties with a child is a lesser included offense of second-degree sexual assault. Appellant, Frank W. Derksen (Derksen), contends it was plain error to permit the lesser included offense instruction from which his conviction resulted. We agree.

## I. ISSUES

Appellant states multiple issues for this court's consideration:

### ISSUE I

Was it plain error to allow jury instruction no. 12 which stated that taking immodest, immoral, or indecent liberties with a minor is a lesser-included offense of second degree sexual assault?

### ISSUE II

Did the trial judge abuse his discretion by failing to afford the defendant his constitutionally protected right of allocution and by relying on improper information when sentencing the defendant?

### ISSUE III

Was it plain error to allow a ten-year-old "borderline" mentally retarded child to

---

* Chief Justice at time of oral argument; retired 1/1/93.

testify absent a determination of her competency?

ISSUE IV

Did the prosecutor repeatedly overstep and ignore rules prohibiting him from asserting as fact his own personal beliefs relating to matters in issue so as to adversely affect the defendant's substantial right to a fair trial?

ISSUE V

Was [the grandmother's] testimony concerning the "yellow mess" in the child's underpants improperly admitted?

ISSUE VI

Was there sufficient evidence to convict appellant of taking immodest, immoral or indecent liberties with a minor?

ISSUE VII

Was the Victims Compensation assessment made in violation of law?

ISSUE VIII

Should Appellant's conviction be reversed pursuant to the doctrine of cumulative error?

The State, in response, summarizes the issues as:

I. Was appellant properly convicted of taking immodest, immoral or indecent liberties with a minor?

II. Was the prosecutor's argument proper comment upon the evidence admitted at trial?

III. Did the district court properly use the pre-sentence investigation report during sentencing and did it afford appellant all constitutional rights?

IV. Is the doctrine of cumulative error inapplicable to appellant's conviction since no error appears in the record?

## II. FACTS

In the summer and early fall of 1988, the victim was ten years old. The victim lived with her paternal grandparents, but was allowed to visit her stepfather, Derksen, and her natural mother at their home near Wheatland, Wyoming under terms of a custody decree. During one of those visits, Derksen allegedly tied the victim's hands so he could remove her clothes and fondle her. Later, Derksen disrobed, according to the victim, and forced her to touch his penis and put it in her mouth. Derksen also reportedly displayed to the victim lewd pictures of himself and the victim's mother.

More than two years after this incident reportedly took place, by information, Derksen was charged with second-degree sexual assault. During the instruction conference at Derksen's jury trial, the defense initially objected to a state offered instruction for taking immodest, immoral or indecent liberties with a child as a lesser included offense. However, the objection was withdrawn after an unreported conference was held between the judge, prosecutor and defense lawyer.

The jury convicted Derksen of the "lesser" offense, taking immodest, immoral or indecent liberties, and he was sentenced to not less than nine years nor more than ten years in the Wyoming State Penitentiary and assessed $500 for the Wyoming Victim's Compensation Fund. Additional relevant facts will be included in the discussion as necessary.

## III. DISCUSSION

■ Without a preserved objection, at trial, the disputed lesser included offense instruction requires analysis under the plain error doctrine.

> Our standard of review under plain error is well established.
>
> " 'First, the record must be clear as to the incident which is alleged as error. Second, the party claiming that error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced.' "

*Johnston v. State*, 747 P.2d 1132, 1134 (Wyo.1987) (*quoting Auclair v. State*,

660 P.2d 1156, 1159 (Wyo.1983) *cert. denied* 464 U.S. 909, 104 S.Ct. 265, 78 L.Ed.2d 249 and *Bradley v. State*, 635 P.2d 1161, 1164 (Wyo.1981)). *See* [W.R.Cr.P. 52(b)].

*Craney v. State*, 798 P.2d 1202, 1204 (Wyo. 1990).

The record in this proceeding is sufficient to evaluate the contentions of error. Jury Instruction Nos. 12 through 15 permitted the jury to convict Derksen of taking immodest, immoral or indecent liberties as a lesser included offense. Jury Instruction No. 12 specifically stated:

> If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged, if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.

> The offense of sexual assault in the second degree, with which the defendant is charged, includes the lesser offense of taking immodest, immoral or indecent liberties with a child.

Derksen has fulfilled the first requirement of the plain error test.

Demonstrating that a clear and unequivocal rule of law has been violated, the second portion of the plain error test requires consideration of the lesser included offense doctrine as defined by W.R.Cr.P. 31(c).[1]

> The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

The lesser included offense doctrine benefits the prosecution when it fails to establish each of the elements of the charged crime and the doctrine benefits the defendant because it provides the jury a " 'less drastic alternative than the choice between conviction of the offense charged and acquittal.' " *State v. Selig*, 635 P.2d 786, 790 (Wyo.1981) (*quoting Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980)).

In Wyoming, an offense is "necessarily included" in the charged offense when " 'the elements of the lesser offense are identical to part of the elements of the greater offense * * *.' " *Selig*, 635 P.2d at 790 (*quoting United States v. Chapman*, 615 F.2d 1294, 1299 (10th Cir.1980), *cert. denied* 446 U.S. 967, 100 S.Ct. 2947, 64 L.Ed.2d 827 (1980)).[2] *Accord Pearson v. State*, 818 P.2d 1144, 1148 (Wyo.1991); *Craney*, 798 P.2d at 1205–06; *Keller v. State*, 771 P.2d 379, 383–84 (Wyo.1989); *Eatherton v. State*, 761 P.2d 91, 95 (Wyo. 1988); *Miller v. State*, 755 P.2d 855, 865 (Wyo.1988); *Seeley v. State*, 715 P.2d 232, 238 (Wyo.1986); *Amin v. State*, 694 P.2d 119, 122–24 (Wyo.1985); and *Balsley v. State*, 668 P.2d 1324, 1327 (Wyo.1983).

The elements of the crime of sexual assault in the second degree, Wyo.Stat. § 6–2–303 (1988), require:

(1) an actor

(2) who inflicts

(3) sexual intrusion

(4) on a victim

(5) less than twelve years of age

(6) while the actor is more than four years older.

The elements of the crime of taking immodest, immoral or indecent liberties, Wyo. Stat. § 14–3–105 (1986), punish:

(1) any person

(2) knowingly

---

1. At the time of trial, W.R.Cr.P. 32(c) was in effect. The language of both the present and former rule is identical.

2. We acknowledge the unsettled nature of the lesser included offense doctrine in Wyoming.

*Craney*, 798 P.2d at 1205 n. 6 (noting differences in various approaches). However, under any anticipated formulation, the result would be the same.

(3) taking immodest, immoral or indecent liberties

(4) with any child.

This court has held that the word "child" in this statute refers to any one under the age of nineteen years. *Campbell v. State,* 709 P.2d 425, 427 (Wyo.1985).

The elements of the claimed "lesser" offense, taking immodest, immoral or indecent liberties, are not identical to part of the elements of the greater offense, sexual assault in the second degree under the applicable standard. *Selig,* 635 P.2d at 790. Aside from the obvious discrepancies in the actor's age [3] and the victim's age,[4] the basic natures of the offenses differ. *Rivera v. State,* 840 P.2d 933 (Wyo.1992); *McArtor v. State,* 699 P.2d 288, 293 (Wyo. 1985). The claimed "greater" offense punishes conduct involving sexual intrusion. The purported "lesser" offense punishes sexual intrusion as well as other forms of conduct. Each statute is intended "to suppress different evils * * *." *Rivera,* 840 P.2d at 942.

Sexual assault in the second degree requires proof of sexual intrusion. Sexual intrusion is defined as:

(A) Any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue or penis, into the genital or anal opening of another person's body if that sexual intrusion can reasonably be construed as being for the purposes of sexual arousal, gratification or abuse; or

(B) Sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission.

Wyo.Stat. § 6–2–301(a)(vii) (1988). The provisions of the sexual assault in the second degree statute prohibit a form of rape, a common law crime of violence directed against a person.

The offense of taking immodest, immoral or indecent liberties covers a broader range of conduct than sexual intrusion. The jury in this case received Jury Instruction No. 14 stating: "Immodest, immoral or indecent liberties have a definite meaning because a person of ordinary intelligence can weigh his contemplated conduct against the prohibition of taking immodest, immoral or indecent liberties and know whether or not such contemplated conduct is prohibited." [5] Under this instruction, a broad range of conduct, including sexual contact [6] as well as sexual intrusion, is prohibited by Wyo. Stat. § 14–3–105.

The case of *Sorenson v. State,* 604 P.2d 1031, 1032 (Wyo.1979) is instructive on the breadth of Wyo.Stat. § 14–3–105. Sorenson, while working at the home of the parents of his twelve-year-old victim, touched the breasts of the victim through her clothing. He also attempted to unbutton the victim's shirt. In affirming Sorenson's conviction for taking immodest, immoral or indecent liberties, this court held that the purpose of the statute was " 'to protect the morals of the child * * *.' " *Id.* at 1035 (*quoting Dekelt v. People,* 44 Colo. 525, 99 P. 330, 331–32 (1909)). *Accord Gallegos v. People,* 176 Colo. 191, 489 P.2d 1301 (1971).[7] There were no allegations in *Sorenson* of conduct involving sexual intrusion.

In *Montoya v. State,* 822 P.2d 363, 365 (Wyo.1991), evidence of sexual intrusion

---

**3.** The actor in Wyo.Stat. § 6–2–303(a)(v) must be four years older than the victim. The actor in Wyo.Stat. § 14–3–105 may be any age.

**4.** The victim in Wyo.Stat. § 6–2–303(a)(v) must be less than twelve years of age. The victim in Wyo.Stat. § 14–3–105 may be any age under nineteen years.

**5.** The language of the instruction is derived from *Sorenson v. State,* 604 P.2d 1031, 1034–35 (Wyo.1979) which held Wyo.Stat. § 14–3–105 (1977) was not unconstitutionally vague.

**6.** Wyo.Stat. § 6–2–301(a)(vi) defines sexual contact as "touching, with the intention of sexual

arousal, gratification or abuse, of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or of the clothing covering the immediate area of the victim's or actor's intimate parts[.]"

**7.** Colorado's former offense of taking immodest, immoral or indecent liberties with a child is now incorporated into a sexual assault on a child offense creating a cohesive structure of sexual assault crimes. Colo.Stat. § 18–3–405 (1986 & Cum.Supp.1992).

was presented in expert testimony from a physician. The expert testified that, based upon the results of the medical examination, a molestation had occurred. This court affirmed a conviction for taking immodest, immoral or indecent liberties.

In *McArtor*, a conviction for taking immodest, immoral or indecent liberties was affirmed based on evidence of consensual sexual intercourse. *McArtor*, 699 P.2d at 294. As *Sorenson, Montoya* and *McArtor* illustrate, the offense of taking immodest, immoral or indecent liberties punishes conduct which includes not only sexual intrusion, but also sexual contact and consensual sexual intercourse. The elements of taking immodest, immoral or indecent liberties are not identical to part of the elements of the claimed greater offense.

Under the terms of Jury Instruction No. 12, the jury was not satisfied beyond a reasonable doubt that Derksen committed sexual assault in the second degree. The sexual intrusion evidence, which was aggressively challenged in cross-examination and during expert testimony, was apparently not sufficient. The language of Jury Instruction No. 14, erroneously, permitted the jury to convict for taking immodest, immoral or indecent liberties as a lesser included offense by finding creditability in either the evidence of sexual contact or the evidence of the display of lewd photographs or both.

■ As a matter of law, the crime of taking immodest, immoral or indecent liberties, Wyo.Stat. § 14–3–105, cannot be a lesser included offense of sexual assault in the second degree. Wyo.Stat. § 6–2–303(a)(v). Derksen has met his burden of establishing the clear violation of a rule of law.

■ The final step in the plain error test requires establishing that a substantial right has been denied and material preju-

dice has resulted. A substantial right is implicated if an individual is convicted of a crime not charged or not "necessarily included" within the charged crime. *Craney*, 798 P.2d at 1205; W.R.Cr.P. 31(c). Material prejudice results when there is no notice of the charges to be defended against. *Craney*, 798 P.2d at 1206; *Selig*, 635 P.2d at 793.

A substantial right of Derksen's was violated when he was convicted of a crime not charged or not "necessarily included" within the charged crime. The State argues that despite the fact the elements of Wyo. Stat. § 14–3–105 are not identical to part of the elements of Wyo.Stat. § 6–2–303(a)(v), the lesser included offense instruction was proper. The State claims, "[j]ust because evidence of the greater element on intrusion may not have been accepted by the jury does not mean that the elements of immoral or indecent acts were not proved."

■ The problem with the State's argument is that it ignores a basic constitutional right—a defendant's right to notice of the charges. When specific conduct violates more than one criminal statute, the state, at its option, may choose to prosecute for the violation of one statute or for the violation of multiple statutes under appropriate circumstances where multiple punishment is legislatively authorized. *Cook v. State*, 841 P.2d 1345 (Wyo.1992) (*quoting Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)); *Bueno–Hernandez v. State*, 724 P.2d 1132, 1141 (Wyo.1986), *cert. denied* 480 U.S. 907, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). The nature of the charge or charges filed is a matter of prosecutorial discretion which is limited by constitutional guarantees of certain rights. *Bueno–Hernandez*, 724 P.2d at 1141; *Jahnke v. State*, 692 P.2d 911, 929 (Wyo.1984).

■ The United States Constitution [8] and the Wyoming Constitution [9] both assure

---

8. U.S. Const. amend. VI provides, in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *."

9. Wyo. Const. art. 1 § 10 insures, in pertinent part, "In all criminal prosecutions the accused

the right of a defendant to adequate notice of the accusations against him or her so that a defense may be prepared. *McInturff v. State,* 808 P.2d 190, 193 (Wyo. 1991); *Gonzales v. State,* 551 P.2d 929, 930 (Wyo.1976). Under the notice provision of Wyo. Const. art. 1 § 10, a basic rule that the proof must correspond with the allegation means that a prosecution is not sustained by evidence which tends to prove a different offense than the one charged. *Brantley v. State,* 9 Wyo. 102, 106, 61 P. 139 (1900).

At the time of trial, former W.R.Cr.P. 9 provided that "the indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and it shall be signed by the prosecuting attorney." W.R.Cr.P. 9(c). *See* W.R.Cr.P. 3 (restating information provisions of former Rule 9); W.R.Cr.P. 7 (restating indictment provisions of former Rule 9). The legal sufficiency of the charging document is tested by determining whether it fairly indicates the crime charged, states the essential elements of the alleged crime and is sufficiently definite to enable the defendant to prepare a defense and grants double jeopardy protection from further prosecution for the same offense. *Gonzales,* 551 P.2d at 933.

Derksen was charged, by information, with unlawfully

inflict[ing] sexual intrusion on [the victim], and at the time of the commission of the act, [the victim] was less than twelve (12) years of age, and Frank W.

Derksen was a least four (4) years older than she, in violation of W.S. 6–2–303(a)(v) (second degree sexual assault).

At the time of arraignment, the trial court judge advised Derksen of the offense charged by reading the information and inquired:

[BY THE COURT] I must be sure that you understand with what you have been charged and the possible penalties. With what have you been charged, sir?

[BY DERKSEN] I've been charged with second degree sexual assault.

[BY THE COURT] What would be the possible penalties if you plead guilty or were found guilty of that charge?

[BY DERKSEN] Imprisonment for not more than 20 years and no less than $50 victims' compensation fund and restitution and cost of public defender.

[BY THE COURT] Do you understand that?

[BY DERKSEN] Yes, I do.

[BY THE COURT] I'm then going to ask you then, Mr. Derksen, how you plead to the charge of second degree sexual assault involving one [victim's name], guilty or not guilty?

[BY DERKSEN] Not guilty.[10]

The information provided notice to Derksen of the need to provide a defense to Wyo.Stat. § 6–2–303(a)(v), an offense involving sexual intrusion. No other offenses were charged. Before trial, Derksen filed a motion for a bill of particulars specifically requesting information to "enable him to adequately be apprised of the

---

shall have the right * * * to demand the nature and cause of the accusation, to have a copy thereof * * *."

**10.** Until the entry of the plea, former W.R.Cr.P. 9(c) provided that the state could have amended the information without leave of the court to charge a violation of Wyo.Stat. § 14–3–105 for taking immodest, immoral or indecent liberties with a child. No amendments to the information were filed before the plea was entered. After the plea was entered, the former rule

permitted, at the court's discretion, "an information to be amended at any time before verdict or finding *if no additional or different offense is charged* and if substantial rights of the defendant have not been prejudiced." W.R.Cr.P. 9(c) (emphasis added). *See* W.R.Cr.P. 3. The addition of a charge of taking immodest, immoral or indecent liberties after the plea would have been counter to the rule of *McInturff,* 808 P.2d at 193 since a different offense, involving sexual contact and other conduct, would have been charged.

nature and scope of those accusations against him as guaranteed to him by Article I, Section 11 of the Wyoming Constitution * * *." [11] The record, however, contains no indication that this motion was ever determined by the trial court. In any event, no bill of particulars was ever filed. As a result, the notice to Derksen was sufficient only to the extent that a defense for conduct involving sexual intrusion would be required.

If the offense of taking immodest, immoral or indecent liberties were a lesser included offense of sexual assault in the second degree, the notice burden would have been satisfied by the "necessarily included" language of W.R.Cr.P. 31(c). *Selig*, 635 P.2d at 793; *Brantley*, 9 Wyo. at 106, 61 P. at 139–40. In *Brantley*, this court held that because of the lesser included offense doctrine, "in charging an intent to commit murder in the first degree there is *necessarily included* a charge of intent to commit murder in the second degree and voluntary manslaughter." *Brantley*, 9 Wyo. at 106, 61 P. at 139–40 (emphasis added).

The *Brantley* decision illustrates an important point about the lesser included offense doctrine and the multiple punishment component of the double jeopardy clause which has been overlooked in the State's argument. Wyo. Const. art. 1 § 11. The *Brantley* court supported its decision by citing the traditional progression of a lesser included offense:

> Under our statute murder in the first degree, murder in the second degree, and manslaughter each involves a felonious killing. To constitute the first, it must be done with premeditated malice; the second is a killing with malice, but with the element of premeditation omitted, while in voluntary manslaughter there is an intentional killing, but without any element of malice or premeditation.

*Brantley*, 9 Wyo. at 106–07, 61 P. at 140. At the time *Brantley* was decided, Wyoming's homicide statutes fulfilled the requirement that, " 'the elements of the lesser offense are identical to part of the elements of the greater offense * * *.' " *Selig*, 635 P.2d at 790 (quoting *Chapman*, 615 F.2d at 1299). Therefore, a conviction for assault with intent to commit murder in the *second* degree was affirmed despite the fact that the charge filed was for assault with intent to commit murder in the *first* degree. *Brantley*, 9 Wyo. at 109, 61 P. at 140.

*Brantley's* punishment was a sentence for committing the offense of assault with intent to commit murder in the second degree, the lesser offense. If he had been found guilty of the greater offense, assault with intent to commit murder in the first degree, the sentence would have been for that offense. *Brantley* could not have been sentenced for both the greater and lesser offenses without violating the multiple punishment protection of the double jeopardy clause. *Whalen v. United States*, 445 U.S. 684, 694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980).

The Wyoming Supreme Court has previously ruled that a defendant convicted of sexual assault in the second degree and taking immodest, immoral or indecent liberties may be sentenced for both offenses. *Kallas v. State*, 704 P.2d 693, 695 (Wyo. 1985). In its ruling, the court specifically recognized that the elements of the offenses are not identical. Our recent decision in *Rivera* acknowledged, for purposes of sentencing, that a merger of a sexual assault offense and an offense for taking immodest, immoral or indecent liberties may occur when the facts proven at trial establish that the defendant committed only a single criminal act. *Rivera*, 840 P.2d 933. However, *Rivera* also approved individual sentences for sexual assault in

**11.** Wyo. Const. art. 1 § 11 encompasses the right to protection against double jeopardy by providing: "No person shall be compelled to testify against himself in any criminal case, nor shall any person be twice put in jeopardy for the same offense. If a jury disagree, or if the judgement be arrested after a verdict, or if the judgement be reversed for error in law, the accused shall not be deemed to have been in jeopardy."

the first degree and taking immodest, immoral or indecent liberties when individual offenses were committed. *Id.* If we were to agree with the State's argument, that the offense of taking immodest, immoral or indecent liberties is a lesser included offense of sexual assault in the second degree, we would have to overrule *Kallas* and *Rivera*. *Whalen,* 445 U.S. at 694, 100 S.Ct. at 1439. The State cannot be urging such discordant results.

Derksen has met his burden of establishing that a substantial right was denied and that material prejudice resulted from a lack of notice. Instructing the jury members that they could convict Derksen of taking immodest, immoral or indecent liberties as a lesser included offense amounted to plain error. It is not necessary to consider the remaining issues on appeal.

## IV. CONCLUSION

The demonstration of plain error at trial requires the conviction be reversed to be retried, if the county attorney elects, on a properly charged offense under Wyo.Stat. § 14–3–105.

CARDINE, J., files a specially concurring opinion.

THOMAS, J., files a dissenting opinion.

CARDINE, Justice, specially concurring.

The court has concluded that the indecent liberties statute is not a lesser-included offense to second degree sexual assault because:

a) Second degree sexual assault requires that the victim be less than the age of 12 years, whereas the indecent liberties statute requires less than 18 years;

b) Second degree sexual assault requires penetration. Indecent liberties requires immodest, immoral or indecent liberties.

A minor of the age of 12 is under the age of 18. We have held that penetration is an act that constitutes immodest, immoral and indecent liberties. The majority rule is that indecent liberties is a lesser-included offense based upon the cognate test which is as follows:

> The lesser offense is related and, hence, 'cognate' in the sense that it has several elements in common with the greater offense but may have one or two elements not essential to the greater crime.

*State v. Jeffries,* 430 N.W.2d 728, 731 (Iowa 1988) (cited in *Craney v. State,* 798 P.2d 1202, 1205, n. 6 (Wyo.1990)). Without more, it would seem clear that immodest, immoral and indecent liberties is a lesser-included offense to second degree sexual assault.

The Washington Supreme Court, however, has recently held that indecent liberties is not a lesser-included offense of either first degree statutory rape or second degree statutory rape. *State v. Markle,* 118 Wash.2d 424, 823 P.2d 1101, 1109 (1992). That court decided that it was not a lesser-included offense because the indecent liberties statute contains a knowledge requirement that the rape statute does not require. *Markle,* 823 P.2d at 1107. Our indecent liberties statute provides as follows:

> Any person *knowingly* taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.

W.S. 14–3–105 (emphasis added). Our statute contains a knowledge requirement not found in our second degree sexual assault statute. The required mental state is a significant factor which, for this reason rather than that cited by the court, prevents a lesser-included status for the indecent liberties statute regardless of the age or specific facts. I would hold, therefore,

that because the indecent liberties statute contains an element of the crime not found in the sexual assault statute that indecent liberties is not a lesser-included offense to second degree sexual assault.

THOMAS, Justice, dissenting.

While I have no disagreement with the discussion in the majority opinion concerning the law of lesser included offenses and the general rule relating to the defendant's right to notice, I would affirm Derksen's conviction. I think it is important that the judicial department of our State not lose sight of the fact that criminal trials are expensive, both to the State and the counties. The monetary costs do not account, in any way, for the emotional stress that is incurred by all the participants. Retrials should be avoided when that is possible without transgressing the rights of a defendant. Consequently, I write in dissent.

As the majority explains, these are the crucial facts regarding the conviction for the crime of taking immodest, immoral, or indecent liberties with a child:

> More than two years after this incident reportedly took place, by information, Derksen was charged with second-degree sexual assault. During the instruction conference at Derksen's jury trial, the defense initially objected to a state offered instruction for taking immodest, immoral or indecent liberties with a child as a lesser included offense. However, the objection was withdrawn after an unreported conference was held between the judge, prosecutor and defense lawyer.

Op. at 1385.

While the record does not explain the reason for this tactical decision to withdraw the objection, a comparison of the crimes and their penalties does demonstrate a rather clear motive. The offense of second degree sexual assault and the penalty is set forth in the statutes:

> 6–2–303. Sexual assault in the second degree.
>
> (a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:
>
> \*   \*   \*   \*   \*   \*
>
> (v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim \* \* \*.
>
> 6–2–306. Penalties for sexual assault.
>
> (a) An actor convicted of sexual assault who does not qualify under the criteria of subsection (b) of this section shall be punished as follows:
>
> \*   \*   \*   \*   \*   \*
>
> (ii) **Sexual assault in the second degree is a felony punishable by imprisonment for not more than twenty (20) years** \* \* \*.

Wyo.Stat. §§ 6–2–303, –306 (1988) (emphasis added).

The statute proscribing the taking of immodest, immoral, or indecent liberties with a child reads:

> Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and **upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.** (Emphasis added.)

Wyo.Stat. § 14–3–105 (1986) (emphasis added.)

By agreeing to have the jury charge include the offense of indecent liberties with a child, counsel for Derksen injected an offense for which the potential sentence was one-half of the potential maximum sentence for the crime with which he was charged. It worked for him.

Under the circumstances, instead of rewarding Derksen with a reversal for an

error he assisted in causing, if he did not cause it, I would hold he had consented to an informal amendment of the information or, in the alternative, the instruction became the law of the case once Derksen withdrew his objection. Both of these approaches are justified by persuasive authority from other jurisdictions.

Neither party objected to the giving of that instruction; consequently, it became the law of the case. *Sanchez v. State*, 751 P.2d 1300 (Wyo.1988). In New Mexico, had Derksen actually requested the instruction on indecent liberties with a minor it would be perceived as law of the case, and his complaint of error would not be recognized on appeal. *State v. Hamilton*, 107 N.M. 186, 754 P.2d 857 (N.M.App.1988). In light of Derksen's original objection that later was withdrawn, there is no substantial basis to distinguish what occurred here from a request for the instruction on indecent liberties.

Similarly, in Washington, when a defendant fails to object to an instruction as to an offense that is not a lesser included offense, although perceived to be a lesser included offense in the trial court, the instruction becomes the law of the case, and the giving of the instruction will not be recognized as reversible error in the reviewing court. *State v. Mak*, 105 Wash.2d 692, 718 P.2d 407 (Wash.1986), *cert. denied*, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986). *Mak* was followed in *State v. Bailey*, 114 Wash.2d 340, 787 P.2d 1378 (Wash.1990), in which an instruction on the offense of indecent liberties was given without exception although the charged offense was first degree statutory rape. The Supreme Court of Washington said:

> In short, what we held in *Mak* was that a defendant cannot fail in his duty to except to lesser included offense instructions that potentially benefit him, and then on appeal claim reversible error based on those instructions. Yet that is precisely what the defendant is attempting here. The present case is even more egregious than *Mak*, because here the defendant profited from the trial court's giving of the lesser offense instructions to the extent that he was convicted of the lesser offense of indecent liberties rather than the more serious offense of first degree statutory rape with which he was charged. We hold in this case, as we did in *Mak*, that "the lesser included offense instruction that was given, not having been excepted to at trial, became the law of the case."
>
> \* \* \* \* \* \*
>
> The defendant claims that the lesser included offense instructions constituted an error of constitutional magnitude because they violated his constitutional right to notice of the charges filed against him. An accused has a constitutional right to be informed of the nature and cause of the accusation against him or her so as to enable the accused to prepare a defense. "[T]his can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged."
>
> Here, the charge of statutory rape in the first degree technically failed to notify the defendant of the nonmarriage requirement of indecent liberties. However, the defendant had ample notice of the possibility that he could be convicted of indecent liberties and ample opportunity to fully defend himself against that charge. While the charge of statutory rape in the first degree did fail to expressly notify the defendant of the nonmarriage element of indecent liberties, this omission was harmless beyond a reasonable doubt.

*Bailey*, 787 P.2d at 1382–83 (footnotes omitted).

In California, the rule is that when a defendant fails to object to instructions on an offense, purportedly a lesser included offense but which is not, his failure to object constitutes "an implied consent to the jury's consideration of the lesser relat-

ed offense and a waiver of any objection based on lack of notice." *People v. Toro,* 47 Cal.3d 966, 766 P.2d 577, 584, 254 Cal. Rptr. 811 (1989) (footnote omitted). Other California cases encompass similar holdings. *E.g., People v. Rasher,* 3 Cal.App.3d 798, 83 Cal.Rptr. 724 (1970); *People v. Hensel,* 233 Cal.App.2d 834, 43 Cal.Rptr. 865, *cert. denied,* 382 U.S. 942, 86 S.Ct. 396, 15 L.Ed.2d 351 (1965). Because of the development of this rule in California, it does not appear that the law-of-the-case proposition is in vogue there.

I am satisfied that either the law-of-the-case rule, coupled with waiver of the claim of error, or the rule of implied consent to amendment of the charge suffices to justify the affirmance of Derksen's conviction. Both rules are rational and have value in the administration of criminal law. I would adopt both rules for Wyoming and in future cases apply the one most appropriate to the circumstances of the particular case, unless both fit that case.

I would affirm Derksen's conviction.