**Jesus Manuel RIVERA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 99–16.**

Supreme Court of Wyoming.

Sept. 20, 1999.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Monique McBride, Assistant Appellate Counsel.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN & HILL, JJ.

MACY, Justice.

Appellant Jesus Rivera appeals from the Judgment and Sentence that was entered after a jury found him guilty of possessing a controlled substance.

We affirm.

## ISSUES

Rivera submits the following issue for our consideration:

ISSUE I

Whether the appellant was denied a fair trial as guaranteed by the due process clauses of the United States and Wyoming Constitutions because of prosecutorial misconduct during the *voir dire* process.

## FACTS

On March 16, 1998, the Rock Springs police department received a telephone call from the owner of a local motel who reported that suspicious activity was occurring in one of the motel rooms. Detective Clark Robinson and Sergeant Dwane Pacheco went to the motel and knocked on the door of the room where the suspicious activity was occurring. Perfecto Salayandia answered the door. When the officers asked to speak to the person who had rented the room, Amanda Gurule came to the door. The officers told Gurule that they had received a complaint, and she allowed them to come inside the room. When the officers first entered the room, they noticed that Salayandia was sitting on one of the beds, putting on his shoes, and Rivera was lying on the other bed.

Sergeant Pacheco requested permission to use the telephone, and Gurule consented. As Sergeant Pacheco approached the telephone, he saw a soft drink can on the floor between the beds, which appeared to have been converted into a pipe. While Sergeant Pacheco was making the telephone call, he pointed out a spoon lying next to the telephone, which appeared to have methamphetamine residue on it. Detective Robinson asked if there were any drugs in the room, and Gurule admitted that she had one gram of methamphetamine in her purse. When Detective Robinson asked if there were any weapons, Gurule stated that they had several handguns, and Salayandia opened a dresser drawer to reveal the guns. Detective Robinson seized the guns and unloaded them.

The officers asked for and were denied permission to search the room. Sergeant Pacheco called for assistance, and, when two other officers arrived, Deputy Robinson left to obtain a search warrant. While the officers waited for the search warrant, they required the occupants of the room to sit on the floor along a wall. It was at this time that Rivera rose from his prone position on the bed.

Deputy Robinson returned with the search warrant. In a black leather coat which was hanging along side two other smaller coats, the officers found approximately eighty-two grams of cocaine. They determined that the coat belonged to Rivera because he was significantly larger than the other two occupants and the coat would fit only him. On the bed where Rivera had been lying, the officers found approximately 6.4 grams of cocaine. Rivera was arrested and charged with felony possession of a controlled substance.

A jury convicted Rivera, and the trial judge sentenced him to serve a term in the Wyoming State Penitentiary of not less than two and one-half years nor more than five years. Rivera appeals to this Court.

## DISCUSSION

Rivera contends that he was denied a fair trial when the prosecutor improperly instructed the panel of potential jurors on the beyond-a-reasonable-doubt burden of proof. Relying on Wyoming case law, he maintains that the term "reasonable doubt" is self explanatory and that attempts at defining it do not clarify its meaning but instead confuse the jury. *Collins v. State,* 854 P.2d 688, 699 (Wyo.1993); *Bentley v. State,* 502 P.2d 203, 207 (Wyo.1972).

This Court has held that a definition of reasonable doubt is not required and that an attempt at defining the term might confuse the jury. *Marquez v. State,* 941 P.2d 22, 25 (Wyo.1997). We have allowed, however, an explanation that the prosecution's burden of proof is not to establish guilt to an absolute certainty. *Alcala v. State,* 487 P.2d 448, 457 (Wyo.1971), *cert. denied,* 405 ·U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466 (1972).

During *voir dire,* the following colloquy occurred in the presence of all the prospective jurors:

[PROSECUTOR:] When [my co-counsel] and I are done putting on the evidence, if the State, at the conclusion of this trial, has not proven its case beyond a reasonable doubt, convinced you that the Defendant is guilty, you all realize that you have an obligation to find him not guilty? Anyone have any problem with that at all?

So the flip side of that, at the conclusion of this trial, we have met our burden and we have proven beyond a reasonable doubt that the Defendant is guilty, you have a duty as well to find him guilty. Does everyone agree with that?

I've used the phrase beyond a reasonable [doubt]. Does everyone—you've all heard that phrase before. Does everyone realize that that is the burden of proof in this case?

In Wyoming and most places, the criminal burden of proof is beyond a reasonable doubt. That doesn't matter if it's a possession of cocaine trial or a murder trial, burglary trial, or even in Wyoming, if it's a speeding trial, any criminal offense, that's the burden of proof. Does everyone understand that?

Mr. [Potential Juror].

[POTENTIAL JUROR]: I served on a jury before. We needed more definition as jurors as to what beyond a reasonable doubt was as opposed to shadow of doubt. If there was an example of that, that might help.

[PROSECUTOR]: Was that in a criminal trial?

[POTENTIAL JUROR]: Yes.

[PROSECUTOR]: Beyond a reasonable doubt is a term that the Court and the attorneys do not define for the jury. It's up to you to define what that means. There are certain perimeters that the Judge will instruct you on, but beyond a reasonable doubt is not the same thing as beyond all doubt. It's not the same thing as beyond a shadow of a doubt.

Would you all agree that proving something beyond all doubt or beyond a shadow of a doubt would be an impossible task? Does everyone realize that?

Nothing could be proven beyond any doubt whatsoever, and so the State's burden of proof is not beyond any doubt or beyond all doubt or beyond a shadow of a doubt; it's beyond a reasonable doubt. So if you have a doubt .that's a reasonable doubt, doubt that's reasonable in nature at the conclusion of this trial, you need to find the Defendant *not guilty.* If you have *no* reasonable doubts at the end of the trial, then you have to find him guilty.

We've mentioned beyond all doubt, beyond a shadow of a doubt. Does anyone think that maybe that should be the burden of proof in this case? We should have to prove it beyond all doubt, beyond a shadow of a doubt? Everybody satisfied with the idea of beyond a reasonable doubt?

The defense attorney did not object to this explanation. Accordingly, our review is limited to a search for plain error.

A three-part test has been established for determining whether an error may achieve the status of plain error. First, the record must be clear as to the incident which is

alleged as error. Second, the party claiming that the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced.

*Bradley v. State,* 635 P.2d 1161, 1164 (Wyo. 1981); *see also Hodgins v. State,* 962 P.2d 153, 156 (Wyo.1998).

Although the record is clear as to what Rivera asserts is error, we cannot conclude that a clear and unequivocal rule of law was violated. We disagree that the prosecutor instructed the jury on the definition of the term "reasonable doubt." Our review of the challenged statements reveals that the prosecutor merely explained that the prosecution's burden of proof was not beyond all doubt or beyond a shadow of a doubt. He did that by explaining that those burdens of proof are different than the beyond-a-reasonable-doubt burden that the prosecution is required to satisfy. Even the defense attorney did not perceive the prosecutor's explanation as an attempt to define the term and made his own attempt at explaining what the reasonable doubt burden is not:

> [DEFENSE COUNSEL:] Do you understand that in a criminal court, it's just the opposite of [an IRS audit], so when [the prosecutor] asks you to be fair to the State and fair to the Defendant, in reality, you're going to be more fair to the Defendant, because the presumption of innocence follows him, and that these folks have the burden of proving his guilt beyond a reasonable doubt.

> Now, [the prosecutor] rightfully did not try to indicate to you what reasonable doubt is. That's something that each of you will have to make a determination on on your own, but at the end of this trial, if you think Jesus did what he's accused [of] or probably he did or maybe he did it, that's not what you've got to find. You've got to be convinced beyond a reasonable doubt. Can we all agree to do that?

We hold that the prosecutor did not attempt to define the reasonable doubt burden of proof when he pointed out that a difference exists between the standards of proof.

His explanation, therefore, did not result in error.

Affirmed.