[No. 57611-4.   En Banc.   February 13, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK L. MARKLE, *Appellant.*

*Theresa B. Doyle* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Theresa L. Fricke, Senior Appellate Attorney*, for respondent.

GUY, J. — Frank Markle challenges his convictions on three counts of indecent liberties with two female children. Mr. Markle contends the trial court erred on counts 1 and 2 by instructing the jury that indecent liberties under former RCW 9A.44.100(1) was a lesser included offense of statutory rape in the first and second degrees under former RCW 9A.44.070(1) and former RCW 9A.44.080(1). Mr. Markle further submits the trial court erred when it denied his motions to sever joinder of count 3, which involved a different victim from counts 1 and 2. Finally, Mr. Markle assigns error to the trial court's pretrial ruling which precluded the defense from questioning at trial the alleged victim in counts 1 and 2 regarding her earlier sexual abuse by Mr. Markle's son. We granted certification and reverse Mr. Markle's convictions on counts 1 and 2 and affirm on count 3.

## PROCEDURAL HISTORY

Appeal was certified to this court pursuant to RCW 2.06.030 as it involves an issue "on which there is a direct conflict among prevailing decisions of panels of the court".

RCW 2.06.030(e). That issue is whether the crime of indecent liberties is a lesser included offense of statutory rape in either the first or second degree under the former statutory scheme in this state. Certification was accepted for determination of this and all other issues on the merits.

Mr. Markle was charged by information filed and amended to allege three offenses. Count 1 alleged first degree statutory rape against his niece, Lisa, committed between April 15, 1981, and May 3, 1984. Count 2 alleged second degree statutory rape, also against Lisa, committed between May 4, 1984, and December 31, 1985. Count 3 alleged indecent liberties against another niece, Sonia, committed between April 25, 1983, and December 31, 1985.

During pretrial motions, the court discussed with defense counsel that the charges against Mr. Markle could be amended up until the end of the State's case. Counsel for the defendant moved to sever counts 1 and 2 from count 3, as count 3 involved a different child. The court denied the motion, stating that the charges were sufficiently similar and that charges and evidence could be separated in jury instructions. The State moved to exclude any evidence regarding sexual abuse of Lisa (the complainant in counts 1 and 2) by the defendant's son. Defendant Markle made an offer of proof, advancing the theory that Lisa was accusing the defendant of sexual molestation because he was unresponsive to her complaint about his son's actions. The court ruled that defense counsel could make no reference to this allegation in opening arguments and that the court would allow further argument to the bench on this motion.

At the close of the State's case, the defendant moved to dismiss counts 1 and 2, involving Lisa, for lack of evidence of penetration. The State sought to amend to the lesser included offenses of attempted statutory rape in the first and second degrees. The court refused to allow the proposed lesser included offenses of attempt to go to the jury, there being no testimony indicating the use of force. The court allowed the amendment of counts 1 and 2 to indecent liberties as lesser included offenses, also ruling that since one

count of indecent liberties was already charged, there was no problem of notice to the defendant or need for altered discovery. The defendant specifically asked that the record reflect the State's motion to amend the charge, and the court granted the defendant's motion for continuance.

The trial court also denied renewed defense motions to sever. At the opening of the defendant's case, defense counsel made repeated objection to the amendment of counts 1 and 2 to indecent liberties. The State renewed its motion to exclude testimony regarding the sexual abuse of Lisa by Mr. Markle's son. Defense counsel advised the evidence would be offered as proof that Lisa had a motive to fabricate her accusations against Mr. Markle, as she had transferred her anger from the son to the father. The court excluded the testimony regarding the acknowledged prior sexual abuse of Lisa, stating it was "a complete tangent" from the evidence the State had presented, and that the evidence was potentially prejudicial to the *defendant*, as well as abusive of the complainant. Defense counsel moved for a mistrial, and the court denied the motion. No severance was granted on count 3.

A jury found Mr. Markle guilty on all three counts of indecent liberties. Mr. Markle's motion for a new trial was denied, and the trial court imposed an exceptional sentence of 48 months on each count, to be served concurrently. The presumptive range was 21 to 27 months. Defendant appealed and the Court of Appeals certified the appeal.

## Factual Background

The State presented the following testimony: Lisa, the complainant in counts 1 and 2, was born May 4, 1973. She was the adopted daughter of Mr. Markle's sister-in-law and often spent time around the defendant with her other cousins, including Sonia, the complainant in count 3. Sonia was born April 25, 1974. Mr. Markle was formerly married to her aunt.

Sonia testified that she and some other cousins, including Lisa, once slept overnight at the defendant's trailer. That

evening, with Mr. Markle, they watched a feature film on videotape entitled "Used Cars". The film included a sex scene and nudity. The next morning, as the children were asleep on the living room floor in sleeping bags, Sonia awoke and saw defendant Markle on his knees near Lisa. Lisa was in her sleeping bag and Sonia testified Mr. Markle "had his hand down in the sleeping bag and I can't really explain her expression". Sonia further testified that later in the day, she and Lisa went in the defendant's car. No one else was with them. Mr. Markle let both girls hold the steering wheel while seated on his lap. He rubbed Sonia's buttocks while she sat on his lap. After they returned to the trailer from the drive, Sonia said that while she was in her sleeping bag and seated on Mr. Markle's lap, he proceeded to place his hand inside the sleeping bag, inside her clothing, and against her vagina. She testified she did not think his hand penetrated her vagina, because it did not hurt.

Lisa testified that during the time around second and third grade she was around the defendant often, and continued to be over a period of several years. At the age of 7 or 8, she stated, she went with Mr. Markle into the woods behind his house where he told her that if she was a real adult and loved him, she would kiss him like the people in a film they had seen kissed. Lisa testified that around the third or fourth grade she would go driving with the defendant, and that sometimes the defendant would place his hands inside her clothing, rub her stomach and then place his hand against her vagina. She was unable to recall whether or not there was any penetration. Lisa further testified that when she was about 10 years of age, she stayed overnight with other cousins at defendant Markle's house. She told the court that while she slept, Mr. Markle tried to put his hand into her pants, but stopped when she began to cry. There was further testimony that in August 1984, when Lisa was 11 years old, Mr. Markle picked her up at home, stopped at a liquor store and purchased a bottle of Black Velvet, and then went to a Safeway and bought "slurpies", drinks made of flavored blended ice. According to the

testimony, when they arrived at the defendant's home, he told her that if she were a real adult she would drink a mix of the slurpie and the Black Velvet, and she did drink the mixture. When Lisa began to feel ill, Mr. Markle gave her pills. He then asked Lisa if she wanted to play darts like a big girl. He called the game "pussy darts" and rubbed the dart against her clothing in the vaginal area, then inside her clothing "for extra good luck". He then pulled her pants and underpants down and placed his penis against her vagina, saying it was for "private extra good luck". He then rubbed the dart against both their genitals and threw the dart. Lisa testified Mr. Markle performed this sequence twice, but she was not sure if there was any penetration, and that she began to cry, told Mr. Markle to leave her alone, and then ran. Mr. Markle then grabbed at her crotch, said he was going to "give it" to her and pushed her onto a bed where she passed out. Lisa testified she awoke in the shower, naked, where the defendant was rubbing her with soap. He told Lisa that her mother had called, that she was in big trouble and that he was taking her home.

Lisa's mother testified she and Lisa moved away eventually because Mr. Markle had picked Lisa up by car without permission, and when confronted, said he would continue to do so. Lisa testified that Mr. Markle had once told her that she shouldn't tell anyone about his touching her.

Lisa ultimately told a classmate of these matters, who spoke to a school counselor. Lisa subsequently spoke to this counselor and to a detective and a Child Protective Services worker about Mr. Markle's contact with her, and wrote some matters down because she said it made her nervous to talk about them. At trial she identified her written recollection.

## ISSUES

FIRST, whether indecent liberties under former RCW 9A.44.100(1) is a lesser included offense of statutory rape in the first degree under former RCW 9A.44.070(1) (now recodified as RCW 9A.44.073, rape of a child in the first degree),

or of statutory rape in the second degree under former RCW 9A.44.080(1) (recodified as RCW 9A.44.076, rape of child in the second degree).

SECOND, whether the trial court erred in denying the defendant's motion for severance of count 3 from counts 1 and 2.

THIRD, whether the trial court erred in excluding evidence of prior sexual abuse of the complainant named in counts 1 and 2 by the defendant's son.

We reverse the trial court's ruling that indecent liberties is a lesser included offense of first and second degree statutory rape, and affirm the trial court's rulings denying severance and excluding evidence of prior sexual abuse of a complainant by the defendant's son. We thus reverse the convictions of the defendant on counts 1 and 2 and affirm the conviction on count 3.

ANALYSIS

Lesser Included Offense

As a preliminary matter, we reject the defendant's contention that the trial court amended counts 1 and 2 sua sponte, and that since it lacked authority to do this, Mr. Markle's conviction should be reversed. The record shows defense counsel expressly requested that the record reflect the State moved to amend the information.

Mr. Markle contends the offense of indecent liberties possesses elements not common to first and second degree statutory rape. For this reason, Mr. Markle argues, indecent liberties cannot be a lesser included offense of statutory rape in the first or second degree. Mr. Markle submits that it is prohibited to make a midtrial amendment of an information to charge an offense that is neither a lesser included offense nor an offense of lesser degree of the original offense charged, and thus his conviction should be reversed.

■ Under article 1, section 22 of the Washington State Constitution, "[i]n criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him". Pursuant to this constitutional

requirement, this court has generally recognized: "It is fundamental that under our state constitution an accused person must be informed of the criminal charge he or she is to meet at trial, and cannot be tried for an offense not charged." *State v. Irizarry*, 111 Wn.2d 591, 592, 763 P.2d 432 (1988). The rule requiring that the accused be informed of the charges to be met at trial, and prohibiting trial of the defendant for offenses not charged, is subject to two narrow statutory exceptions. First, under RCW 10.61.006 a defendant may be convicted of a lesser included offense of the offense charged; and second, under RCW 10.61.003 a defendant may be convicted of an offense which is a crime of an inferior degree to the offense charged. *Irizarry*, at 592.

In *Irizarry*, Ricardo Irizarry pleaded guilty to felony murder and testified at the trial of his codefendant, Michael Ransom. Ransom was tried on a charge of aggravated first degree murder. After the conclusion of the State's case in chief, the prosecutor asked for a jury instruction on felony murder as an included offense. The jury convicted Ransom of the "included offense" of felony murder. This court reversed, holding it was prejudicial error to convict Ransom of a nonincluded offense of the crime charged, and directed a new trial. *Irizarry*, at 592. This court held that felony murder was not a lesser included offense of aggravated first degree murder because commission of a felony is not a necessary element of aggravated first degree murder, and a lesser included offense only exists when all of the elements of the lesser offense are necessary elements of the greater offense. *Irizarry*, at 594 (citing *State v. Pelkey*, 109 Wn.2d 484, 488, 745 P.2d 854 (1987)). The defendant's conviction was reversed, as the improper amendment violated article 1, section 22 of our constitution.

In *Pelkey*, the defendant was charged under a bribery statute. At the close of the State's case, the defense moved to dismiss due to the State's failure to prove that the defendant was acting in an official capacity at the time of the offense, a necessary element of the bribery statute. The

trial court allowed the State to amend to the charge of trading in public influence. This offense did not require actions in the defendant's official capacity. This court held that amending a criminal charge after the State had presented its case in chief violated the defendant's state constitutional rights under article 1, section 22 to be informed of the charges against him when the new charge is not a lesser included offense or an offense of a lesser degree. Since each element of the lesser offense of trading in public influence was not a necessary element of the greater offense of bribery, the new charge was held not a lesser included offense. *Pelkey*, at 491. Such improper amendment of the charge against a defendant, this court held, necessarily prejudices the state constitutional rights of the defendant to be informed of the charges against him. *Pelkey*, at 491.

The State acknowledges that in *Pelkey* this court held it is automatic reversible error for a trial court to allow the midtrial amendment of an information to include a crime that is neither a lesser included offense nor an offense of lesser degree. The State asks this court to overrule *Pelkey* to the extent of such holding. It argues that indecent liberties ought to be considered a lesser included offense of both first and second degree statutory rape since the differences in statutory elements in these crimes, relating to nonmarriage and knowledge, are immaterial for the purposes of the *Pelkey* requirement. We decline to overrule *Pelkey*, and apply its lesser included offense definition.

This court was presented with precisely the issue of whether indecent liberties under the former statute is a lesser included offense of the former first degree statutory rape statute in *State v. Bailey*, 114 Wn.2d 340, 787 P.2d 1378 (1990).[1] In *Bailey*, instructions on *both* first degree

---

[1] In *Bailey*, we noted the Legislature had repealed former RCW 9A.44.070, first degree statutory rape, and replaced it with RCW 9A.44.073, rape of a child in the first degree. Laws of 1988, ch. 145, §§ 2, 24. The offense of rape of a child in the first degree now includes nonmarriage as an element, thus eliminating the issue in that case. Former RCW 9A.44.080, second degree statutory rape, has been replaced by RCW 9A.44.076, rape of a child in the second degree.

statutory rape and the lesser included crime of indecent liberties went to the jury. The jury found the defendant not guilty of first degree statutory rape but guilty of indecent liberties and the defendant appealed. In deciding *Bailey*, this court did not reach the ultimate issue, and held instead that since the defendant failed to make a timely objection when the trial court instructed the jury that indecent liberties was a lesser included offense of statutory rape, the issue had not been preserved for appeal. In this case, however, the defense objected repeatedly to the amendment and preserved the matter for review. For this reason, our holding in *Bailey* is of limited applicability to the instant case.

In the present case, the first degree statutory rape statute under which Mr. Markle was originally charged in count 1, prior to its amendment, was former RCW 9A.44.070. It read in pertinent part:

> A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.

Former RCW 9A.44.070(1).

The second degree statutory rape statute under which Mr. Markle was charged in count 2, prior to the disputed midtrial amendment, was former RCW 9A.44.080. It read in pertinent part:

> A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older but less than fourteen years old.

Former RCW 9A.44.080(1).

The indecent liberties statute to which both counts 1 and 2 were amended at the close of the State's case was former RCW 9A.44.100. It contained some elements which are not stated in the former first and second degree statutory rape statutes, and read in pertinent part:

(1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

(a) By forcible compulsion; or

(b) When the other person is less than fourteen years of age; or

. . . .

(d) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

(2) For purposes of this section:

(a) "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

Former RCW 9A.44.100(1)-(2) (in part).

The former indecent liberties statute, RCW 9A.44.100, possessed the element of nonmarriage, which was not included in the former first degree statutory rape statute. To say that, under the facts in this case, the addition of the element of nonmarriage in the midtrial amendment of the charge to indecent liberties misled or surprised the defendant would be absurd. The complainants were children. However, former RCW 9A.44.100 also requires a mental state as a necessary element which is not found in either the former first or second degree statutory rape laws, RCW 9A.44.070 or RCW 9A.44.080. The offense of indecent liberties is committed under the former statute when the offender "knowingly" causes another person "to have sexual contact". "Sexual contact" is defined under former RCW 9A.44.100(2)(a) as "any touching of the sexual or other intimate parts of a person done *for the purpose of gratifying sexual desire of either party*." (Italics ours.)

The requirement that an offender knowingly act for the purpose of gratifying sexual desire, while an element of indecent liberties, is not a necessary element of either of the former offenses of first or second degree statutory rape. The former statutory rape laws, in not requiring this mental state, strictly proscribe the more inherently invasive act of sexual intercourse (generally penetration) without regard to

whether or not sexual gratification was intended. While the definition of "sexual intercourse" under RCW 9A.44-.010(1)(c) may involve "sexual contact" of certain types, it is clear that the intent to gratify sexual desire is not a requisite to sexual intercourse, or penetration, for the purposes of the former statutory rape statutes.[2] The addition of this mental state poses a significant difference in elements between the offenses at issue in this case. Moreover, contrary to the contention of the State, there is a discernible reason for this difference in elements, as the crimes described are distinct. Accordingly, we decline the State's invitation to partially overrule *Pelkey*. The offenses of rape and indecent liberties are distinct offenses that must be charged separately to properly inform a defendant of the elements of the charges against him or her.

Under this court's decision in *Pelkey*, for indecent liberties to be viewed as a lesser included offense of the former offenses of first and second degree statutory rape, all of the elements of indecent liberties must be incorporated into first and second degree statutory rape. Since the former first degree and second degree statutory rape statutes do not possess all the elements of the former indecent liberties statute, then indecent liberties is not a lesser included offense of either.

The midtrial amendment of counts 1 and 2 against Mr. Markle from first and second degree statutory rape to indecent liberties was an amendment neither to a lesser included offense nor to a crime of lesser degree. As stated in *Pelkey*:

---

[2]We take this opportunity to note that under the present statutory design, the crimes of rape of a child in the first, second, and third degrees, in strictly proscribing sexual intercourse with minors, do not require a showing that the offender acted for purposes of sexual gratification. *See* RCW 9A.44.073-.079. The offenses of child molestation in the first, second, and third degrees address "sexual contact" and proscribe acts taken for the purpose of gratifying the sexual desire of either the child or the offender. *See* RCW 9A.44.083-.089. The crime of indecent liberties addresses improper "sexual contact". RCW 9A.44.100.

A criminal charge may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same charge or a lesser included offense. Anything else is a violation of the defendant's article 1, section 22 right to demand the nature and cause of the accusation against him or her. Such a violation *necessarily prejudices* this substantial constitutional right, within the meaning of CrR 2.1(e). The trial court committed reversible error in permitting this midtrial amendment.

(Italics ours.) *State v. Pelkey,* 109 Wn.2d 484, 491, 745 P.2d 854 (1987). The amendment in this case therefore violated Mr. Markle's rights under the Washington State Constitution, article 1, section 22. The State argues that under CrR 2.1(e),

[t]he court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

However, this court rule operates subject to the limitations of our State's constitutional requirements. *Pelkey,* at 490. Thus, the midtrial amendment in Mr. Markle's case was, under *Pelkey,* reversible error per se even without a defense showing of prejudice.

Accordingly, we reverse Mr. Markle's convictions of indecent liberties on counts 1 and 2, as these counts were improperly amended. We note that in order to avoid issues of the violation of constitutional protections of the rights of defendants by improper amendment, prosecutors may charge separate offenses alternatively in the information. As was noted by the dissent in *Irizarry:*

When the evidence . . . might support conviction of one or the other of two separate offenses arising out of one transaction and evidence of one offense includes evidence of another the defendant should be charged in the alternative. It should be made clear to the jury by instruction and by verdict form that the defendant may be found not guilty under both counts, and may be convicted under either one count or the other but not both.

111 Wn.2d at 608 (Callow, J., concurring in part, dissenting in part).

We hold that indecent liberties under former RCW 9A.44.100(1) is not a lesser included offense of either first degree statutory rape under former RCW 9A.44.070 or second degree statutory rape under former RCW 9A.44.080.

## Excluded Evidence

Mr. Markle contends the trial court committed reversible error in excluding any defense evidence regarding prior sexual abuse of one of the complainants by Mr. Markle's son, Jeff. The defense had sought to introduce testimony by Jeff Markle that he had sexually abused one of the complainants in order to establish an anger motive for the child to fabricate her allegations against Mr. Markle. The trial court allowed defense counsel several opportunities to make a satisfactory offer of proof before finally ruling to exclude any mention of sexual abuse by Mr. Markle's son. The record confirms the trial court's determination that defense counsel was unable to support the theory of fabrication.

■ A trial court's rulings regarding the admission of evidence may be reversed only upon a manifest abuse of discretion. *State v. Mak*, 105 Wn.2d 692, 718 P.2d 407, *cert. denied*, 479 U.S. 995 (1986). We refuse to disturb the ruling in the absence of any indication of an abuse of discretion.

■ The trial court also referred to the rape shield statute, RCW 9A.44.020, in the course of its ruling to exclude the evidence. The State concedes the rape shield statute is inapplicable to the issue in the case of Lisa, as the rape shield statute is customarily applied to preclude evidence of prior sexual activity or misconduct of a victim. In this case, the trial judge excluded evidence of prior sexual *abuse*. The rape shield statute does not provide a basis for excluding evidence of prior sexual abuse of the complaining witness in an indecent liberties prosecution. *State v. Peterson*, 35 Wn. App. 481, 667 P.2d 645 (1983). However, a trial court's determination to exclude evidence may be sustained on any proper basis within the record and will not be reversed simply because the trial court gave a wrong or insufficient reason for its determination. *Pannell v. Thompson*, 91 Wn.2d 591, 603, 589 P.2d 1235 (1979).

## Denial of Severance

A denial of a CrR 4.4(b) motion to sever multiple charges is reviewed for a manifest abuse of discretion. *State v. Bythrow*, 114 Wn.2d 713, 790 P.2d 154 (1990). "Defendants seeking severance have the burden of demonstrating that a trial involving both counts would be so manifestly prejudicial as to outweigh the concern for judicial economy." *Bythrow*, at 718. Even if separate counts would not be cross admissible in separate proceedings, this does not as a matter of law state sufficient basis for the requisite showing by the defense that undue prejudice would result from a joint trial. *Bythrow*, at 720.

In this case, Lisa (the alleged victim in counts 1 and 2), and Sonia (the alleged victim in count 3) were both children left in the care of their uncle, the defendant Markle. The nature of the acts committed against these children, and the method of contact and abuse was similar; and in some instances the defendant acted while both girls were present. For example, the testimony was that Mr. Markle took both children "driving" and allowed them to hold the steering wheel while seated on his lap, and then placed his hands under their clothing.

Joinder of the counts against Mr. Markle was supported by CrR 4.3 and RCW 10.37.060; the defendant was charged with acts of the same class of crimes or offenses, his acts were in some instances connected, and his offenses were properly joined in the information as separate counts.

We hold the trial court did not err in denying the defendant's motions to sever counts 1 and 2 from count 3. Some of the alleged incidents involving the two separate victims were contemporaneous, and joint trial was not prejudicial so as to outweigh the concern for judicial economy in this case.

## Double Jeopardy

We proceed to the question of retrial of the defendant after reversal and double jeopardy.

In *Irizarry*, this court reversed the conviction of the defendant, after deciding the information was improperly

amended from aggravated first degree murder to felony murder at the close of the State's case. However, the court added:

> Dismissal of all charges against the defendant is not, however, mandated. The jury having convicted the defendant of felony murder, albeit improperly, the defendant may still be charged with that offense without violating constitutional double jeopardy prohibitions.

*Irizarry*, at 596. This holding in *Irizarry* was based in part on this court's decision in *State v. Anderson*, 96 Wn.2d 739, 638 P.2d 1205, *cert. denied*, 459 U.S. 842 (1982).

In *Anderson*, the defendant challenged, on double jeopardy grounds, his second prosecution for first degree murder in connection with the scalding death of a child. The defendant's earlier first degree murder conviction for the same act had been reversed because the statute under which the defendant had been charged did not apply to the facts proved. The defendant had been charged with first degree murder on a theory of "circumstances manifesting an extreme indifference to human life" under RCW 9A-.32.030(1)(b). The information in the challenged second prosecution, based on the same incident, charged first degree murder on a theory of premeditation under RCW 9A.32.030(1)(a). This court upheld the dismissal of the second prosecution, because the offenses in both prosecutions were related and should have been joined under CrR 4.3(c). However, this court stated that the dismissal of the second prosecution was without prejudice, holding that when a criminal defendant's conviction is reversed based upon the inapplicability of the charge to the facts, the double jeopardy prohibition does not prevent a retrial of the defendant for *any convicted offense*, or of a lesser included crime of the convicted offense:

> The protection against double jeopardy protects a citizen from being placed in the hazardous position of standing trial more than once for the same offense. If the appellate court reverses a conviction and remands for a new trial, the double jeopardy clause is ordinarily not offended. *United States v. Tateo*, 377 U.S. 463, 12 L. Ed. 2d 448, 84 S. Ct. 1587 (1964). Nor is the protection offended when the first trial is on a defective information. *State v. Burns*, 54 Wash. 113, 102 P. 886

(1909). . . . If the reversal is not for insufficiency of evidence, the defendant may be retried for the convicted offense and any lesser included offenses. Defendant may not, however, be retried on an offense of a higher degree because he has implicitly been acquitted of the higher degrees of the crime.

(Citations omitted.) *Anderson*, 96 Wn.2d at 742.

██ In this case, we are reversing Mr. Markle's conviction based upon an improper midtrial amendment to the information. We are not reversing for insufficiency of the evidence, and thus the defendant may be retried for the offense for which he was convicted, indecent liberties, under the rule stated above in *Anderson*. Mr. Markle may not be retried, however, for any offense of a higher degree than the one for which he was convicted.

Consistent with our holding in *Irizarry*, though this court reverses Mr. Markle's convictions on counts 1 and 2, Mr. Markle may still be charged with indecent liberties, the offense for which he was convicted by a jury, without violating Mr. Markle's protections against double jeopardy.

CONCLUSION

We hold that indecent liberties under former RCW 9A.44.100 is not a lesser included offense of either first degree statutory rape under former RCW 9A.44.070, or second degree statutory rape under former RCW 9A.44.080. The midtrial amendment of the information against the defendant was a violation of article 1, section 22 of our state constitution since the new crimes charged were neither lesser included offenses nor offenses of lesser degree. We reverse the defendant's convictions for indecent liberties on counts 1 and 2.

The trial court decision to exclude evidence of prior sexual abuse of one of the complainants by the defendant's son was within that court's discretion and is affirmed.

We hold the trial court properly denied the defendant's motions to sever count 3 from counts 1 and 2. Joint trial was not prejudicial and was justified by the concern for judicial economy and the fact that some of the acts alleged in the separate counts were related and contemporaneous.

442

We affirm the defendant's conviction for indecent liberties on count 3.

Mr. Markle may be retried for the offense of indecent liberties for which he was convicted on counts 1 and 2 without offending his double jeopardy protections.

The case is remanded to the trial court for proceedings consistent with this opinion.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and JOHNSON, JJ., concur.

Reconsideration denied May 8, 1992.