IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46592-2-II |
| Respondent, | |
| v. | |
| RYAN LEVI MATISON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Ryan Matison appeals his jury convictions for one count of reckless driving and one count of vehicular homicide following a collision in Clark County.  Matison alleges that reversible error occurred during pretrial, trial, and posttrial proceedings.  We hold that (1) the trial court properly exercised its discretion in denying Matison's pretrial motion to sever, (2) Matison's trial counsel was not ineffective, and (3) Matison failed to preserve his prosecutorial misconduct argument.  But we accept the State's concession that the judgment and sentence contains a clerical error.  Therefore, we affirm Matison's convictions, but remand to the trial court to correct the reckless driving judgment and sentence.

FACTS

I. BACKGROUND

In November 2012, Sarrah and Jeff Held left their Ridgefield home driving south on Northeast 29th Avenue. Moments later, Jeff[1] looked into his rearview mirror, clutched the steering wheel, and uttered a surprised expletive. Jeff saw a car approaching at a high rate of speed and thought that the car was going to collide with their own. When the car "flew by [him]" on the driver's side, Jeff estimated that it was traveling at least 15 to 20 m.p.h. faster than the 40 m.p.h. speed limit. 3A Report of Proceedings (RP) at 408.

According to Jeff, the car that passed them continued to straddle the center line separating the northbound and southbound lanes of the road and never fully returned to the southbound lane as long as the car was in his sight. The car had passed the Helds' car across a double yellow line. The Helds were concerned about the car going so fast because they knew there was a stop sign a short distance ahead. Jeff could no longer see the car after it crested a small hill. When the Helds arrived at the stop sign, they saw the car that had passed them in a nearby field along with a pickup truck. It was apparent to Jeff that the two vehicles had been involved in a serious collision and that the truck had "broadsided" the car. 3A RP at 420.

Matison was driving the car that passed the Helds' car and collided with the truck. Luke Merriman, the driver of the truck, had been driving east on State Route 502, the highway that runs perpendicular to Northeast 29th, when he felt an impact and his air bag deployed. When the vehicles came to rest, Merriman spoke to Matison who claimed that his brakes had failed.

---

[1] Because Jeff and Sarrah Held share a surname, we refer to them individually by their first name for clarity, intending no disrespect.

According to witnesses, it appeared as though Matison had failed to stop at the stop sign. Although Matison was uninjured, his passenger died at the scene.

## II. PROCEDURE

The State charged Matison with one count of reckless driving and one count of vehicular homicide based on Matison's operation of a vehicle in a reckless manner. Pretrial, the State represented that for the reckless driving charge, it intended to rely on Matison's passing of the Helds' car across a center line at a high rate of speed. In contrast, the State asserted that the vehicular homicide was supported by Matison's "blowing" the stop sign causing the collision and his passenger's death. 1 RP at 41.

Also before trial, Matison moved to sever the reckless driving charge from the vehicular homicide charge, urging the court to grant his motion because, in his view, a jury would likely use evidence of one crime to infer his guilt for the other. The trial court denied Matison's severance motion. The State moved to admit statements Matison made during police interviews and the trial court granted the State's CrR 3.5 motion. Although Matison argued initially that his statements were not given voluntarily, he stipulated—with one redaction—to the State's proposed findings of fact relating to those statements. The trial court adopted the findings as part of its oral ruling.

At trial, Matison denied committing any reckless driving or related conduct. He did not recall passing any vehicles and claimed to have been driving only 40 to 50 m.p.h., but could not avoid Merriman's truck because his brakes failed.

In rebuttal closing argument, the State told the jury that

> [h]e's also guilty of reckless driving because he drove a motor vehicle on that date in willful and wanton disregard for the safety of others or property in the State of Washington. Those are the elements of the crimes. *When all else fails*, focus on those.

> One thing I agree with the Defense, no matter what we do in this case, Samantha Effingham is not coming back. But, the person who took her life, should be held accountable. *Do your job*. Thank you.

5B RP at 1038 (emphasis added). Matison did not object. The jury found Matison guilty as charged. Matison appeals.

## ANALYSIS

### I. SEVERANCE

Matison contends that the trial court abused its discretion by refusing to sever his reckless driving charge from his vehicular homicide charge. He specifically argues that this ruling deprived him of a fair trial because the State's evidence on the reckless driving charge was weak and although evidence of reckless driving may have been cross admissible in a separate trial for vehicular homicide, the reverse was not true. We disagree.

### A. LEGAL PRINCIPLES

CrR 4.3 permits a court to join two or more offenses in a charging document when the offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. CrR 4.3(a)(2). The court rules mandate that properly joined offenses shall be consolidated for trial unless the court orders severance. CrR 4.3.1. CrR 4.4 directs the trial court to grant severance if it concludes that severance will promote a fair determination of the defendant's guilt or innocence of each offense. We reverse a trial court's refusal to sever counts only for a manifest abuse of discretion. *State v. Russell*, 125 Wn.2d 24, 63,

882 P.2d 747 (1994). A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds. *State v. Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

Our courts have recognized that "joinder of offenses may prejudice a defendant in that '(1) he may become embarrassed or confounded in presenting separate defenses, (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which his guilt of the other crimes charged is found, and (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.'" *State v. Bythrow*, 114 Wn.2d 713, 718, 790 P.2d 154 (1990) (quoting *State v. Smith*, 74 Wn.2d 744, 755, 446 P.2d 571 (1968)). Matison bears the burden to establish a manifest prejudice that outweighs a concern for judicial economy. *Bythrow*, 114 Wn.2d at 718.

Four factors mitigate potential prejudice to the accused when two or more offenses are tried together, none of which is dispositive. *State v. McDaniel*, 155 Wn. App. 829, 860, 230 P.3d 245 (2010). "In determining whether the potential for prejudice requires severance, a trial court must consider (1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each count separately; and (4) the admissibility of evidence of the other charges even if not joined for trial." *Russell*, 125 Wn.2d at 63. Separate trials are disfavored in Washington. *State v. Emery*, 174 Wn.2d 741, 752, 278 P.3d 653 (2012).

## B. No Abuse of Discretion

Here, Matison contends that an examination of these factors reveals no mitigation of the prejudice caused to him by the trial court's refusal to sever the charges. He argues that evidence of reckless driving was realistically limited to his fast driving and that speed alone does not support

a reckless driving charge. Although he acknowledges that the trial court instructed the jury that it must consider the charged crimes separately, Matison suggests that he was prejudiced in the presentation of his defenses because the trial court did not also instruct the jury that evidence of the reckless driving was limited to the circumstances surrounding his passing of the Helds' vehicle. We disagree because an examination of the factors shows that any potential prejudice was mitigated and the trial court did not abuse its discretion.

First, the reckless driving evidence was not weak. The evidence was not limited to speed alone. The Helds testified that a car driving their direction passed them across a double yellow line in wet conditions into a lane where there could have been oncoming traffic and continued to straddle that center line as the car went over the crest of a hill and out of their view. In addition, the car was speeding.

Second, joinder of the charges did not prejudice Matison by making his defenses to each crime antagonistic to one another or rendering them unclear to the jury. Essentially, Matison's defenses amounted to a general denial of the reckless driving accusation and an excusable accident because his brakes allegedly failed on the vehicular homicide charge. These defenses were not made confusing or unclear because Matison was forced to present them in tandem. Both defenses could stand on their own.

Third, the trial court instructed the jury that a separate crime was charged in each count and that the jury must decide each count separately. Matison cites no authority to support his argument that the trial court erred by not providing an additional separate instruction.

Fourth, evidence concerning the reckless driving charge would likely have been cross admissible in a trial for the vehicle homicide charge. Certainly, the Helds' testimony that Matison

passed them dangerously in the moments before his collision would be relevant in a trial for vehicular homicide. This is so because the specific vehicular homicide charge here was based on reckless driving.

Finally, even if the vehicular homicide evidence may not have been admissible in a separate trial for reckless driving as charged here, the trial court need not sever counts just because some evidence is not cross admissible. *State v. Markle*, 118 Wn.2d 424, 439, 823 P.2d 1101 (1992). And when issues in a criminal trial are relatively simple, the jury can be reasonably expected to compartmentalize the evidence such that there is no prejudicial effect from joinder. *Bythrow*, 114 Wn.2d at 721. Any potential prejudice to Matison resulting from the joinder of the charges was mitigated. Thus, we hold that the trial court did not abuse its discretion when it denied Matison's severance motion.

III. INEFFECTIVE ASSISTANCE OF COUNSEL

Matison also contends that to the extent that it contributed to the alleged error discussed above, defense counsel's performance was ineffective for failing to request or propose a limiting instruction explaining to the jury that it may consider only Matison's conduct in passing the Helds' vehicle to convict him of the reckless driving charge. This argument fails.

To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice; failure to show either prong defeats this claim. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). An appellate court reviews an ineffective assistance claim de novo beginning with a strong presumption that trial counsel's performance was adequate. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *State v. Kyllo*, 166 Wn.2d 856,

862, 215 P.3d 177 (2009)). So, to establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness. *McNeal*, 145 Wn.2d at 362.

Where the claim of ineffective assistance is based upon counsel's failure to request a particular jury instruction, the defendant must show he was entitled to the instruction, counsel's performance was deficient in failing to request it, and the failure to request the instruction caused prejudice. *State v. Thompson*, 169 Wn. App. 436, 495, 290 P.3d 996 (2012).

Here, Matison argues that he would likely have been acquitted of the reckless driving charge had counsel requested an instruction limiting the jury to the facts surrounding his passing of the Helds' vehicle for purposes of the reckless driving charge. But as mentioned above, Matison cites no authority to support the argument that he was entitled to a separate, specific instruction of this nature solely because the State informed Matison it intended to rely—and did in fact rely—on Matison's passing of the Helds' vehicle to support the reckless driving charge. Therefore, counsel's performance was not deficient for failing to request an instruction to which his client was not entitled. We hold that Matison's ineffective assistance of counsel claim fails.

## IV. PROSECUTORIAL MISCONDUCT

Matison contends that reversal is warranted because the prosecutor committed misconduct in closing argument, which constituted flagrant and ill-intentioned misconduct that was not curable by an instruction. Because Matison cannot show that any potential prejudice could not have been cured by an instruction, he fails to preserve this argument.

To establish prosecutorial misconduct, Matison has the burden to show that the challenged conduct was both improper and prejudicial. *State v. Cheatam*, 150 Wn.2d 626, 652, 81 P.3d 830

(2003). We review the prosecutor's conduct "by examining that conduct in the full trial context, including the evidence presented, 'the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury.'" *State v. Monday*, 171 Wn.2d 667, 675, 257 P.3d 551 (2011) (internal quotation marks omitted) (quoting *State v. McKenzie*, 157 Wn.2d 44, 52, 134 P.3d 221 (2006)).

If a defendant fails to object to misconduct at trial, he fails to preserve the issue unless he establishes that the misconduct was so flagrant and ill-intentioned that it caused an enduring prejudice that could not have been cured with an instruction to the jury. *State v. Thorgerson*, 172 Wn.2d 438, 443, 258 P.3d 43 (2011). The focus of this inquiry is more on whether the resulting prejudice could have been cured, rather than the flagrant or ill-intentioned nature of the remark. *Emery*, 174 Wn.2d at 762.

Here, Matison argues that the State committed reversible misconduct by making several statements in rebuttal closing argument that Matison alleges amounted to an instruction to the jury to do their "'job'" to hold Matison "'accountable'" "'when all else fails.'" Br. of Appellant at 26. But even assuming the comments were improper, Matison's prosecutorial misconduct claim fails because he cannot demonstrate that the comments were flagrant, ill intentioned, and incurable by an instruction.

The prosecutor made his final remarks following a lengthy discussion of the facts of the case and the State's burden to prove each element of the crime. He then implored the jury to consider those elements "[w]hen all else fails." 5B RP at 1038. Finally, the prosecutor argued,

> One thing I agree with the Defense, no matter what we do in this case, Samantha Effingham is not coming back. But, the person who took her life, should be held accountable. *Do your job*. Thank you.

5B RP at 1038 (emphasis added).

In *State v. Coleman*, 74 Wn. App. 835, 838-39, 876 P.2d 458 (1994), Division One examined whether a prosecutor's closing remarks that at least arguably could have been understood as telling the jury that it would violate its oath if it disagreed with the State's theory of the case, were improper comments. Because the comments could be construed in this manner, the *Coleman* court treated them as improper. 74 Wn. App. at 839.

In reaching this determination, Division One discussed several cases from foreign jurisdictions and from the United States Supreme Court. *Coleman*, 74 Wn. App. at 838-41. These cases all involved comments from prosecutors effectively urging the jury to "do its job." *Coleman*, 74 Wn. App. at 839-40. Many of these decisions stood for the proposition that these kinds of remarks were improper. *Coleman*, 74 Wn. App. at 839-40; *see, e.g.*, *United States v. Young*, 470 U.S. 1, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985). The *Coleman* court, however, concluded that because there was a single instance of misconduct present there and in part because preceding comments suggested to the jury that their verdict would not be second guessed, there was not a substantial likelihood that the misconduct affected the verdict. 74 Wn. App. at 841.

Here, there were only two brief comments that could be considered improper. As in *Coleman*, there is some possibility that the jury could have understood the prosecutor's remarks to mean that its "job" was to hold Matison accountable for the death. Therefore, we treat these statements as improper without deciding that they were in fact. Even as such, however, these comments followed a lengthy closing argument which repeatedly referred to the State's burden to prove each element of the charged crimes beyond a reasonable doubt. Had Matison objected, the trial court could have easily obviated any potential prejudice by reiterating to the jury the proper

legal standard and the State's burden of proof and by reminding it that the jury's "job" is to decide only whether the State had carried that burden. So we hold that Matison cannot demonstrate flagrant and ill-intentioned misconduct incurable by instruction and, therefore, he has failed to preserve this issue for our review.

## V. CLERICAL ERROR

Matison and the State agree that remand is required for the correction of his judgment and sentence to specify that the sentences for reckless driving and vehicular homicide are to run concurrently. We agree.

CrR 7.8 provides that clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time. Here, the trial court agreed with Matison that his sentences must be run concurrently. But Matison's gross misdemeanor judgment and sentence for reckless driving does not state that the sentences run concurrently. Thus, we remand for correction of the reckless driving judgement and sentence.

## VI. CRR 3.5 WRITTEN FINDINGS

Matison contends that the trial court erred by failing to enter written findings of fact and conclusions of law pursuant to CrR 3.5 and that remand is required. We disagree.

Under CrR 3.5(c), a trial court is required to enter written findings. But the absence of written findings is harmless if a trial court's oral ruling is sufficient to permit appellate review. *State v. Miller*, 92 Wn. App. 693, 703, 964 P.2d 1196 (1998). Here, the trial court's oral ruling clearly indicated its intent to adopt the State's proposed findings with one redaction. The record contains those proposed findings. And Matison does not challenge the substance or merits of the

No. 46592-2-II

court's ruling regarding the admissibility of his statements. Nor does he assign error to the trial court's oral findings. Accordingly, we decline to order the trial court to enter written findings because the lack of such findings is harmless.

We affirm Matison's convictions, but we remand for the trial court to correct the reckless driving judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

LEE, J.