# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74814-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN BRADLEY THOMAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 2, 2017 |
| | ) | |

VERELLEN, C.J. — Steven Thomas was convicted of two counts of first degree child molestation for his acts against J.L. and C.L.[1] The trial court admitted Thomas's other sexual conduct toward J.L. and C.L. as proof of lustful disposition. Because this evidence was relevant and unfair prejudice did not outweigh the substantial probative value, we conclude the trial court did not abuse its discretion when it admitted the evidence.

Thomas also challenges the trial court's denial of his motion to sever the two counts. Considering the relative strength of the evidence supporting each charge, the clarity of the general denial defenses, the court's instructions to the jury to consider each count separately, the jury's ability to compartmentalize the evidence, and the lack of any specific prejudice, we conclude the trial court did not abuse its discretion when it denied the motion.

---

[1] Because the victims were minors, they will be referred to by their initials.

We affirm.

## FACTS

J.L. was born on July 23, 1995 and C.L. was born on January 8, 1997. J.L. and C.L. are sisters, and Thomas is their uncle. In October 2004, Thomas lifted J.L.'s shirt, rubbed her lower back, and rubbed her buttocks over her clothes. Between October 2003 and October 2004, Thomas got in bed with C.L. and put his hand down her underwear and rubbed her vagina.

In July 2013, J.L. disclosed the abuse and said she had been trying to protect C.L. from Thomas for years. Thomas was charged with one count of first degree child molestation for his acts against J.L. and one count of first degree child molestation for his acts against C.L. The Snohomish County Superior Court denied Thomas's motion to sever the two counts.[2]

The trial court admitted evidence of Thomas's other sexual conduct toward each girl, including testimony that he digitally penetrated J.L.'s vagina, masturbated in front of J.L.; repeatedly rubbed each girl's chest, legs, and vagina over their clothing or swimsuit; touched C.L.'s vagina underneath her underwear; massaged C.L.'s back and told her not to "rat [him] out;"[3] forced J.L. to touch his penis until he ejaculated; untied J.L.'s bathing suit top; made several sexual comments to J.L. and C.L.; and slapped C.L. and J.L.'s bottoms. The court concluded the evidence was admissible to show Thomas's lustful disposition toward each girl. The court also concluded the evidence was admissible as res gestae.

---

[2] The trial court did sever three counts of rape of child against a third victim.

[3] Report of Proceedings (RP) (Jan. 20, 2016) at 1048.

A jury convicted Thomas of both counts.

Thomas appeals.

## ANALYSIS

### I. ER 404(b)

Thomas contends the trial court abused its discretion in admitting evidence of his other acts against J.L. and C.L.

We review a trial court's decision to admit evidence for abuse of discretion.[4] ER 404(b) bars propensity evidence, including evidence of other crimes, wrongs, or acts intended to prove a person's character and show the person acted in conformity with that character.[5] But evidence of other crimes, wrongs, or acts is admissible for different purposes, such as proof of lustful disposition.[6]

To admit evidence under ER 404(b),

"the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect."[7]

Thomas contends evidence of lustful disposition was not relevant.

---

[4] State v. Gresham, 173 Wn.2d 405, 419, 269 P.3d 207 (2012).

[5] Id. at 420 (quoting ER 404(b)).

[6] Id. (quoting ER 404(b); State v. Ray, 116 Wn.2d 531, 547, 806 P.2d 1220 (1991).

[7] Gresham, 173 Wn.2d at 420 (quoting State v. Vy Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

Evidence is relevant if it "make[s] the existence of any fact that is of consequence to the determination of the action more probable or less probable."[8] The important inquiry is whether the evidence shows "'a sexual desire for the *particular* female.'"[9]

Here, the trial court concluded the evidence of lustful disposition was "relevant to prove sexual contact,"[10] which is an element of first degree child molestation.[11] And the evidence showed Thomas's particular sexual desire for each girl.

Thomas argues the acts are "too remote in time" to be relevant.

Limits of time over which other act evidence may range lies within the discretion of the trial court.[12] But passage of time does not affect relevance "if the conduct is part of a pattern of similar misconduct over a number of years, or if intervening events make the time lapse insignificant."[13]

Here, Thomas had repeated contact with J.L. and C.L. from the time of the charged crimes until the disclosure in 2013, and his actions during that time showed a pattern of similar misconduct.

Thomas contends the prejudicial effect substantially outweighs the probative value because lustful disposition evidence has no probative value except to show propensity.

---

[8] ER 401.

[9] State v. Ferguson, 100 Wn.2d 131, 134, 667 P.2d 68 (1983) (emphasis added) (quoting State v. Thorne, 43 Wn.2d 47, 60-61, 260 P.2d 331 (1953)).

[10] Clerk's Papers (CP) at 122.

[11] RCW 9A.44.083.

[12] Ray, 116 Wn.2d at 547.

[13] State v. Baker, 89 Wn. App. 726, 734, 950 P.2d 486 (1997).

But Washington courts have consistently recognized proof of lustful disposition is a permissible nonpropensity purpose under ER 404(b).[14] "Substantial probative value is needed to outweigh the potential prejudicial effect of ER 404(b) evidence," and "[g]enerally, courts will find that probative value is substantial in cases where there is very little proof that sexual abuse has occurred, particularly where the only other evidence is the testimony of the child victim."[15]

Here, Thomas's other misconduct was substantially probative because the only evidence of his sexual contact with J.L. and C.L. is the testimony from each girl.

We conclude the trial court did not abuse its discretion when it admitted evidence of Thomas's other sexual conduct toward J.L. and C.L. to show lustful disposition. Therefore, we need not address whether it was also admissible as res gestae.

## II. Severance

Thomas contends the trial court abused its discretion when it denied his motion to sever the two counts of first degree child molestation.

We review the trial court's denial of a severance motion for abuse of discretion.[16] Two or more offenses of similar character may be joined in one trial.[17] But properly joined offenses may be severed if "the court determines that severance will promote a fair determination of the defendant's guilt or innocence of each offense."[18]

---

[14] Ray, 116 Wn.2d at 547; State v. Camarillo, 115 Wn.2d 60, 70, 794 P.2d 850 (1990); Ferguson, 100 Wn.2d at 133-34.

[15] State v. Sexsmith, 138 Wn. App. 497, 506, 157 P.3d 901 (2007).

[16] State v. Kalakosky, 121 Wn.2d 525, 536-37, 852 P.2d 1064 (1993).

[17] CrR 4.3(a); State v. Bythrow, 114 Wn.2d 713, 717, 790 P.2d 154 (1990).

[18] CrR 4.4(b); Bythrow, 114 Wn.2d at 717.

In determining whether to sever charges, a court considers: "'(1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each count separately; and (4) the admissibility of evidence of the other charges even if not joined for trial.'"[19] The court must also consider whether the defendant has demonstrated that joinder "would be so manifestly prejudicial as to outweigh the concern for judicial economy."[20]

In considering the strength of the State's evidence on each count, the trial court determined it was relatively equal.[21] J.L. testified that Thomas molested her. C.L. testified that Thomas molested her. Other witnesses corroborated each girl's testimony concerning time, disclosure, and Thomas's general access to the girls. The jury's determination came down to credibility. Because the evidence for each count was relatively equal, this factor did not favor severance.

As to clarity of defenses, "[t]he likelihood that joinder will cause a jury to be confused as to the accused's defenses is very small where the defense is identical on each charge."[22] Here, because Thomas's asserted a general denial defense for both charges, this factor did not favor severance.

With respect to the third factor, the trial court instructed the jury: "A separate crimes is charged in each count. You must decide each count separately. Your verdict on one count should not control you verdict on the other count."[23] Courts have

---

[19] State v. Sutherby, 165 Wn.2d 870, 884-85, 204 P.3d 916 (2009) (quoting State v. Russell, 125 Wn.2d 24, 63, 882 P.2d 747 (1994)).

[20] Bythrow, 114 Wn.2d at 718.

[21] Thomas does not challenge this factor in his brief.

[22] Russell, 125 Wn.2d at 64-65.

[23] CP at 186.

repeatedly approved and relied on essentially the same instruction in upholding decisions denying severance.[24] Because the court properly instructed the jury, this factor does not favor severance.

As to cross-admissibility, Thomas argues the evidence of his other sexual conduct toward J.L. would not have been admissible in a separate trial involving his molestation of C.L. and vice versa.

In State v. Markle, the defendant was charged with first and second degree statutory rape and indecent liberties for two different victims.[25] Our Supreme Court found the trial court did not abuse its discretion in denying severance because the methods of contact and abuse were similar and the charged acts were of the same class of crimes.[26] Similarly, Thomas's contact with J.L. and C.L. occurred when the girls visited Thomas's home or when the girls stayed in hotels with Thomas during family trips. And Thomas was charged with first degree child molestation for his acts against each girl.

Even when the evidence is not cross admissible, it is not necessarily an abuse of discretion to deny severance in cases with multiple charges of sex offenses.[27] In deciding severance, it is important to consider whether the jury can compartmentalize the evidence.[28] Here, Thomas's trial lasted six days, the issues and defense of general

---

[24] Bythrow, 114 Wn.2d at 723; State v. Cotton, 75 Wn. App. 669, 688, 879 P.2d 971 (1994).

[25] 118 Wn.2d 424, 439, 823 P.2d 1101 (1992).

[26] State v. Markle, 118 Wn.2d 424, 439, 823 P.2d 1101 (1992).

[27] Bythrow, 114 Wn.2d at 720; Kalakosky, 121 Wn.2d at 538; Markle, 118 Wn.2d at 439.

[28] Bythrow, 114 Wn.2d at 721; Kalakosky, 121 Wn.2d at 537.

denial on all counts were relatively straightforward, and the court instructed the jury to decide each count separately. The court also instructed the jury concerning the limited purpose of Thomas's other sexual conduct toward each girl. Because the jury could easily compartmentalize the evidence as instructed, the trial court did not abuse its discretion by denying severance even if the evidence was not cross admissible.

Finally, Thomas contends the prejudicial effect of the evidence of Thomas's lustful disposition outweighed the concern for judicial economy.

Generally, "[t]he joinder of charges can be particularly prejudicial when the alleged crimes are sexual in nature . . . even if the jury is properly instructed to consider the crimes separately."[29] But the defendant must still point to "specific prejudice" to support a finding that the trial court abused its discretion in denying severance.[30]

Consistent with our earlier discussion of lack of unfair prejudice resulting from lustful disposition evidence, Thomas has not satisfied his burden to show specific prejudice.

We conclude the trial court did not abuse its discretion when it denied Thomas's motion to sever the two counts of child molestation.

### III. Statement of Additional Grounds

In a one paragraph statement of additional grounds, Thomas makes a vague and general argument denying his guilt and referring to facts that do not appear to be in the record on appeal. Issues involving facts or evidence not in the record on appeal are

---

[29] Sutherby, 165 Wn.2d at 884.
[30] Bythrow, 114 Wn.2d at 720.

properly brought in a personal restraint petition and not a statement of additional grounds.[31] The statement of additional grounds does not support any relief on appeal.

We affirm.

WE CONCUR:

Trickey, J

---

[31] State v. Alvarado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008); RAP 10.10(c).